822 So.2d 290 (2001)
Clifton CONNERS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00553-COA.
Court of Appeals of Mississippi.
February 27, 2001.
*292 David Clay Vanderburg, Attorney for Appellant.
Office of the Attorney General by John R. Henry, Jr., Attorney for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Clifton Conners, Jr., was charged in the DeSoto County Circuit Court with two criminal counts: Count I for burglary of a dwelling; Count II for robbery. Conners was tried before a jury and was found guilty on both counts. He received twenty-five years on Count I and ten years on Count II, said sentences to run consecutively.
¶ 2. Conners subsequently moved for a directed verdict at the end of the State's case and filed a motion for new trial and motion for judgment notwithstanding the verdict at the end of the trial, all motions being denied. Feeling aggrieved by these denials and by the circuit court's denying one of his requested jury instructions, Conners has appealed to this Court.

FACTS
¶ 3. On or about April 25, 1999, eighty-one year old Florence Davis arrived at her home near Lewisburg, Mississippi. She got out of her car, walked up to her front porch and proceeded to enter her home when she was grabbed from behind. Conners, her assailant, put his hands over Davis's mouth and threatened to kill her. Upon entering the house, Conners forced Davis into a bedroom where he again assaulted her. Later, Conners took $24.50 from Davis's purse. Throughout this encounter, Conners told Davis he was going to kill her. In the end, upon Davis's promise not to call the police, Conners left. Davis then drove to a relative's house, reported what had happened, and the police responded. Conners was apprehended the following day.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 4. With this appeal, appellant Clifton Conners, Jr. argues that the court erred in overruling the following: his motion for directed verdict of acquittal at the close of the State's case-in-chief, his requested Jury Instruction D-1, his motion for new trial, and his motion for judgment notwithstanding the verdict.
¶ 5. Our standard of reviewing a judge's decision concerning jury instructions is as follows: "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Coleman v. State, 697 So.2d 777, 782 (Miss. 1997). Additionally, the jury instruction at issue is an peremptory instruction.
The standard of review for peremptory instructions and directed verdicts are the same. "In passing upon a request for a peremptory instruction, all evidence introduced by the State is to be accepted as true, together with any reasonable inferences that can be drawn from that evidence, and if sufficient evidence to support a verdict of guilty exists, the motion for a directed verdict is to be overruled."
Wall v. State, 718 So.2d 1107 (¶ 15) (Miss. 1998) (citations omitted).
¶ 6. With this appeal, Conners also challenges the trial court's rulings on *293 his motions for directed verdict, motion for new trial, and motion for judgment notwithstanding the verdict. We first look to our standard of reviewing Conners's motion for directed verdict and his motion for judgment notwithstanding the verdict:
The standard of review is the same for both directed verdicts and judgments notwithstanding the verdict. This Court has set forth the standard as follows: Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.
Sullivan v. State, 749 So.2d 983 (¶ 24) (Miss.1999) (citations omitted). A motion for new trial concerns the weight of the evidence.
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
McClain v. State, 625 So.2d 774, 778-81 (Miss.1993) (citations omitted).

DISCUSSION OF THE ISSUES
¶ 7. Conner's brief does not develop any arguments concerning the denial of his requested jury instruction or motions. He only cites Uniform Rule of Circuit and County Court Practice 10.05 and the McClain case which distinguishes between the weight of the evidence and sufficiency of the evidence. See McClain v. State, 625 So.2d 774 (Miss.1993). Nonetheless, we briefly address these issues and still find that affirmance is required.
¶ 8. First, we address Conner's proposed jury instruction which he claims was improperly denied. The questionable instruction read, "The Court instructs the jury to find the Defendant not guilty." Mississippi law is clear on the subject of peremptory instructions in criminal cases: "Peremptory instructions should be refused if there is enough evidence to support a verdict." Warn v. State, 349 So.2d 1055, 1055 (Miss.1977). See also Hicks v. State, 580 So.2d 1302, 1304 (Miss.1991); Benson v. State, 551 So.2d 188, 193 (Miss. 1989). Reviewing the evidence in this case, substantial information did exist to support the verdict: the victim testified that Conners was her attacker; Conners himself confessed to the attack; the victim picked Conners out of a photo line-up; and Officers Tommy Burks and Woody Grantham testified that Davis had a busted lip and bruises on both of her arms from the attack. This peremptory instruction was not proper, and the trial court did not err in refusing to give such instruction.
¶ 9. Next, we look to Conners's motion for new trial. With this motion, Conners raised several arguments including the verdict was against the weight of the evidence and was contrary to principles of law and justice, that no reasonable juror could find him guilty beyond a reasonable doubt of burglary, that the photo line-up should not have been introduced into evidence, that the court erred in allowing Conner's confession to be introduced, and that Jury instruction D 1 was improperly denied. With his arguing each of these points, Conners failed to include in his motion any support for his claim that *294 he was improperly denied a new trial. As well, in his brief, Conners failed to expound on any reasons why the judge abused his discretion in denying his motion. Thus, we cannot now find that the judge abused his discretion in denying the motion for new trial nor any unconscionable injustice that would result from such denial. This issue of weight of the evidence is without merit.
¶ 10. Next, looking to Conners's motion for judgment notwithstanding the verdict, Conners raised the exact same issues as he raised in his motion for new trial, which was denied. Also similar to his motion for new trial, Conners failed to develop his argument in his motion for judgment notwithstanding the verdict and also failed to provide any facts in support of this argument in his brief on appeal. Looking briefly to the facts in the light most favorable to the State, the victim identified Conners as her attacker, Conners himself confessed to the attack, and two officers testified that the victim's injuries were consistent with her story. Conners himself declined to testify and raised no defenses at trial nor called any witnesses. There is no sufficiency problem here, and the jury properly found Conners guilty.
¶ 11. Finally, looking to Conners's motion for directed verdict, we again review the evidence in a light most favorable to the verdict and find that ample evidence existed to support Conners's guilt. Further, any reasonable, hypothetical juror could find beyond a reasonable doubt that Conners was guilty. There was no error here.

CONCLUSION
¶ 12. For the reasons stated, we find no error with the trial court's decisions on the matters raised herein. Accordingly, we affirm on all issues.
¶ 13. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY FIVE YEARS; COUNT II OF ROBBERY AND SENTENCE OF TEN YEARS, WITH SAID SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO DESOTO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.