¶ 1. This appeal arises from a decision of the Circuit Court of Marshall County denying Joseph B. Newson's post-conviction collateral relief motion. Feeling aggrieved, Newson comes before this court pro seasserting that he received ineffective assistance of counsel because he was coerced by counsel into entering a plea of guilty and that his plea was not knowingly, willingly and voluntarily given because his counsel had rehearsed with him how to answer the questions asked by the trial judge. We reject Newson's arguments and affirm the judgment of the trial court.
 FACTS
¶ 2. Newson was indicted by the Marshall County Grand Jury on the charge of armed robbery. On August 27, 1998, Newson signed a petition to plead guilty and also entered a guilty plea before the circuit judge. The court found that Newson had entered a voluntary plea and that he understood the circumstances and consequences of offering his plea. Upon the court's acceptance of Newson's plea, he was sentenced to fifteen years in the custody of the Mississippi Department of Corrections with seven years suspended. On July 20, 2000, Newson filed a motion to vacate and set aside his conviction and sentence pursuant to the Uniform Post Conviction Collateral Relief Act. The motion alleged that Newson had received ineffective assistance of counsel and that his plea was involuntarily given. The trial court denied this motion on January 4, 2001. From this order, Newson is now before us on appeal.
 ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 3. The standard for reviewing a denial of a motion for post-conviction relief is well established. This Court is only authorized to set aside a finding of the lower court when that decision is clearly erroneous. Meeks v. State, 781 So.2d 109 (¶ 5) (Miss. 2001). In the event that questions of law are raised, the standard of review is de novo. Id.; Brown v. State, 731 So.2d 595 (¶ 6) (Miss. 1999). *Page 1037 
1. Ineffective Assistance of Counsel
¶ 4. Newson argues that his attorney, Joe M. Wilson, violated his Sixth Amendment right to a fair trial when Wilson made no pre-trial preparation and coerced Newson into agreeing to a plea agreement offered by the State to avoid going to trial. Newson also argues that Wilson rehearsed the responses that Newson made in response to the judge's inquires at the plea hearing. Newson further expounds that he was told to admit guilt to the charge of armed robbery, even though he explained to Wilson that the response would be untrue. In addition, Newson advances that Wilson responded that sometimes a lie is better than the truth and advised Newson to plead guilty to receive a lesser sentence rather than go to trial and possibly receive the maximum sentence.
¶ 5. Newson's affidavit was the only affidavit included with his PCR motion. Mississippi Code Annotated section 99-39-9(1)(e) (Supp. 2001) requires affidavits in support of a petitioner's allegations. Failure to comply with this statutory requirement is a sufficient reason to deny a post-conviction claim of ineffective assistance of counsel. Robertson v.State, 669 So.2d 11, 13 (Miss. 1996). Because Newson did not meet the requirements of the statute, this assignment of error fails.
2. Involuntary Plea
¶ 6. Newson argues that his plea was involuntary because his attorney rehearsed with him responses to make in answering the judge's questions during the plea hearing. Further, Newson claims his attorney threatened that Newson would receive thirty years with no parole if he did not plead guilty. Newson also contends that, during the plea hearing, he was never informed by the judge as to the identity of the charge or crime to which he was pleading.
¶ 7. In order for Newson to withdraw his guilty plea, he must prove by a preponderance of evidence that his plea was made involuntarily. Schmitt v. State, 560 So.2d 148, 151 (Miss. 1990) (citingLeatherwood v. State, 539 So.2d 1378, 1381 n. 4 (Miss. 1989)). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992) (citingWilson v. State, 577 So.2d 394, 396-97 (Miss. 1991)).
¶ 8. A meticulous review of the record reveals an absence of evidence to show that Newson's plea was not knowingly and voluntarily made. Newson's allegations are contradicted by his sworn statement at the plea hearing as well as by a signed plea petition admitting guilt. The record of the plea hearing is replete with evidence that proves that Newson freely and willingly pleaded guilty. During the plea hearing, the following exchange transpired:
 Q. All right. Mr. Newson, do you know of any reason why this Court should not accept your pleas of guilty?
 A. (Mr. Newson) No, sir.
 Q. Are you telling me that you're pleading guilty because you are guilty and for no other reason?
 A. (Mr. Newson) Yes, sir?
¶ 9. Although Newson correctly asserts that the trial judge did not mention the crime charged or the specific elements, Newson was aware that he was being charged with armed robbery because he signed the petition to accept plea and swore under oath that the signature was his. In paragraph four of the "Petition of *Page 1038 
Defendant For Court To Accept Plea," Newson acknowledged that "[my] lawyer has advised me on the nature of the charge(s) and the possible defenses that I may have to the charge(s)." In paragraph three, the charge is listed as armed "robbery." In paragraph 9, the maximum and minimal sentences are stated. In paragraph 14, Newson acknowledges that his lawyer "has advised me of the elements of the crime to which I am pleading." For the reasons stated above, we find that Newson's guilty plea was freely and voluntarily given.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO MARSHALLCOUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
 *Page 425