902 So.2d 615 (2004)
Winfred "Wimp" FORKNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CT-00754-COA.
Court of Appeals of Mississippi.
November 30, 2004.
Rehearing Denied March 22, 2005.
Certiorari Denied May 26, 2005.
*617 Pamela A. Ferrington, Natchez, attorney for appellant.
*618 Office of the Attorney General by John R. Henry, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. On October 26, 2000, Winfred "Wimp" Forkner and April Harrison were indicted on two counts of burglary of a storehouse, in violation of Mississippi Code Annotated § 97-17-33 (Rev.2000). Forkner was charged as a habitual offender, pursuant to Mississippi Code Annotated § 99-19-83 (Rev.2000) and was convicted on Count I of the indictment. Forkner was sentenced to life without parole and appeals his conviction raising the following eight issues:
I. WHETHER THE INDICTMENT WAS DEFECTIVE.
II. WHETHER THE TRIAL COURT ERRED BY RECESSING OVER THE WEEKEND.
III. WHETHER APRIL HARRISON'S TESTIMONY WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT.
IV. WHETHER THE COURT ERRED IN GRANTING THE STATE'S INSTRUCTION S-7.
V. WHETHER THE PROSECUTOR'S REMARKS IN HIS OPENING STATEMENT WERE IMPROPER.
VI. WHETHER THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT.
VII. WHETHER THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT, A PEREMPTORY INSTRUCTION, OR A JUDGMENT NOTWITHSTANDING THE VERDICT.
VIII. WHETHER THERE ARE CUMULATIVE ERRORS WHICH REQUIRE REVERSAL.
¶ 2. For the reasons set forth below, we find no merit to any of these assignments of error and affirm.

STATEMENT OF FACTS
¶ 3. On October 26, 2000, Winfred "Wimp" Forkner and April Harrison were indicted on two counts of burglary of a storehouse, in violation of Mississippi Code Annotated § 97-17-33. The indictment was the result of a late night theft spree which occurred in late August or early September, 2000 in which Forkner and Harrison traveled to hunting camps in the Wilkinson County area, stealing air conditioning units from the camps and selling the stolen goods. The stolen air conditioning units belonged to the hunting camps of Eric Trevillion, located on Bowling Green Road in Wilkinson County and Hobb's Hunting Club, also located on Bowling Green Road.
¶ 4. At trial, Harrison testified that she accompanied Forkner to the first hunting camp on Bowling Green Road where Forkner stopped the vehicle by the gate to the camp and loaded an air conditioner, which was lying close to the gate at the entrance of the hunting camp, into the vehicle's trunk. The pair then drove to St. Francisville, Louisiana and sold the air conditioning unit for $85. Harrison and Forkner then returned to Bowling Green Road and stole a second air conditioning unit. Harrison testified that Forkner used a screwdriver to pry the air conditioning unit from the window in which it was mounted, placed the unit into the trunk of the car, and drove to his niece's house, located at Sugar Hill. His niece, Linda Davis, and her husband purchased the air conditioning unit for $40. There was conflicting testimony as to whether Forkner or a "Mr. *619 Green" sold the air conditioner to Davis. The air conditioning unit Davis purchased was subsequently recovered by the Wilkinson County Sheriff's Department.
¶ 5. On February 21, 2001, Forkner's indictment was amended to charge Forkner as a habitual offender pursuant to Mississippi Code Annotated § 99-19-83. The jury returned a verdict of guilty on Count I in the indictment and could not return a verdict on Count II. On February 28, 2001, Forkner was sentenced to life without parole in accordance with Mississippi Code Annotated § 99-19-83. On March 8, 2001, Forkner filed his motion for judgment notwithstanding the verdict, or in the alternative, motion for a new trial. Forkner's motion was denied in an order dated March 9, 2001. From this guilty verdict, Forkner now appeals.

LEGAL ANALYSIS

I. WHETHER THE INDICTMENT WAS DEFECTIVE.

STANDARD OF REVIEW
¶ 6. "Whether an indictment is fatally defective is `an issue of law and deserves a relatively broad standard of review by this Court.'" Porter v. State, 749 So.2d 250, 260(¶ 34) (Miss.Ct.App.1999) (quoting Peterson v. State, 671 So.2d 647, 652 (Miss.1996)).

DISCUSSION
¶ 7. Forkner's first assignment of error is that the indictment under which he was charged was defective. The indictment in pertinent part reads as follows:
THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of the said County, elected, empaneled on February 14, 2000, sworn and charged as required by law to inquire in and for said County, in the name and by the authority of the State of Mississippi, upon their oath, present that
WINFRED "WIMP" FOLKNER and APRIL HARRISON
late of the County aforesaid, in said County, during or about August of 2000, acting in concert, each with the other, did willfully, unlawfully, feloniously, and burglariously break and enter the following storehouses, being hunting camps, with the felonious intent of them, Winfred "Wimp" Folkner and April Harrison, once therein to steal and carry away goods, merchandise, and other valuable items, and did, in fact, take, steal, and carry away the below described items found and kept in said storehouses:
Count 1: from the camp of Eric Trevillion on the Bowling Green Road was taken one window air-conditioning unit;
Count 2: from the camp of the Hobb's Hunting Club on the Bowling Green Road was taken one window air-conditioning unit;
contrary to the form of the statute in such cases made and provided, against the peace and dignity of the State of Mississippi.
Forkner argues that the indictment is fatally flawed for the misspelling of his last name, as well as the failure to specify an exact date as to when the crimes charged took place.
¶ 8. The Mississippi Supreme Court has addressed the requirements for a sufficient indictment. The Court stated that:
[T]he accused is entitled to a plain statement of the charge against him. It is fundamental, of course, that an indictment, to be effective as such, must set forth the constituent elements of a criminal *620 offense; if the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient
Love v. State, 211 Miss. 606, 52 So.2d 470, 472 (1951).
¶ 9. Forkner first argues that the indictment issued against him was defective, as the indictment misspelled his last name as "Folkner" rather than "Forkner." Though Forkner contends that the misspelling prejudiced his defense, he does not explain how he was prejudiced.
¶ 10. This issue is not properly before this Court, as there was no substantive error in the indictment. Forkner did not object to the indictment at the trial level, thus waiving this issue for appeal. "When `the formal defect is curable by amendment... the failure to demur to the indictment in accordance with our statute' will waive the issue from consideration on appeal." Gray v. State, 728 So.2d 36, 70 (¶ 169) (Miss.1998) (quoting Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995)).
¶ 11. Alternatively, as such a matter is correctable it may not be deemed as substantive. The Mississippi Supreme Court has held that a misspelled name in the indictment is a matter which may be corrected by the trial court on motion by the prosecutor. Evans v. State, 499 So.2d 781, 784-85 (Miss.1986). Therefore, we find Forkner's argument to be without merit.
¶ 12. Forkner's second argument as to the insufficiency of the indictment is that the indictment does not contain the date certain on which the burglary occurred. The Fifth Circuit Court of Appeals has addressed this issue and held that "an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, `within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.'" U.S. v. Cochran, 697 F.2d 600, 604 (5th Cir.1983). (citing Russell v. United States, 429 F.2d 237, 238 (5th Cir.1970)). The Mississippi Supreme Court also recognizes this as the proper legal standard. Daniels v. State, 742 So.2d 1140, 1143(¶ 10) (Miss.1999). Therefore, this issue is without merit.

II. WHETHER THE TRIAL COURT ERRED BY RECESSING OVER THE WEEKEND.

STANDARD OF REVIEW
¶ 13. "In our jurisprudence the trial court has broad discretion in the granting or refusing of a continuance or delay. In such cases, this Court will not disturb the holding of the trial court unless we can say from the facts shown in the trial that the trial court abused its discretion or that injustice has been done." McClendon v. State, 335 So.2d 887, 888 (Miss.1976) (citing Jackson v. State, 254 So.2d 876 (Miss.1971)).

DISCUSSION
¶ 14. Forkner argues that his trial was prejudiced by the trial court's decision to recess the proceedings over the weekend. During the lunch break on the first day of trial, the State discovered that two of its key witnesses had not been served the subpoenas which had been issued the day prior to trial. Originally, the trial judge stated that she was inclined to proceed with trial and for the State to present those witnesses which were present, with its case being subject to a directed verdict. It was noted by the State that the witnesses which were not present were subpoenaed by both the State and *621 the defense, the defense's subpoenas being issued on February 15th, the State's subpoenas being issued on February 21st. Neither set of subpoenas were served. The court then recanted and decided that testimony would need to be presented that coming Monday, because any testimony presented prior to the weekend might have been forgotten by the jurors. The trial court decided that the proper course of action was to present opening statements after the lunch hour, then to recess trial until 9:00 a.m. the following Monday so that the State's case would be presented continuously, in an effort to reduce confusion to the jury.
¶ 15. This Court reviews the decision of a trial judge to grant continuances or to recess the proceedings under an abuse of discretion standard. McClendon, 335 So.2d at 888. The reasons set forth by the trial judge clearly state her reasoning in granting the recess. Denial of a continuance is not reversible unless manifest injustice appears to have resulted from the denial. Hatcher v. Fleeman, 617 So.2d 634, 639 (Miss.1993). In accordance with the prior decisions of the Mississippi Supreme Court, there is no indication that the trial judge abused his discretion, nor that manifest injustice has occurred. Morgan v. State, 741 So.2d 246, 255(¶ 25) (Miss.1999). Therefore, this issue is without merit.

III. WHETHER THE WITNESS, APRIL HARRISON'S, TESTIMONY WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT.

STANDARD OF REVIEW
¶ 16. This Court accepts as true all evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Carney v. State, 821 So.2d 853, 859(¶ 29) (Miss.Ct. App.2002) (citing Eakes v. State, 665 So.2d 852, 872 (Miss.1995)). Therefore, it was within the purview of the jury to decide the weight and worth of the witness's testimony. Id.

DISCUSSION
¶ 17. Forkner next argues that the testimony of the State's witness, April Harrison, was improbable, self-contradictory, and substantially impeached. In support of this contention, Forkner raises Harrison's drug use on the night the thefts took place, her sketchy memory as to the fine details of the night, and the fact that the owner of the hunting camp, from which the second air conditioning unit was stolen, stated that he had reported his camp as burglarized on June 16th, not during late August or early September.
¶ 18. While Forkner is correct in stating that Harrison's testimony was substantially impeached as to the second count in the indictment, the issue is moot, as he was not convicted under the second count. The jury was able to return a verdict only under Count I of the indictment, and in reviewing the testimony of Harrison in support of Count I, this Court adheres to the following standard of review:
In reviewing a challenge to the sufficiency of the evidence, this Court is obligated to view the evidence in the light most favorable to sustaining the conviction. We are authorized to set aside a jury's verdict only if we are convinced that, as to one of the essential elements of the crime, the State's proof was so deficient that a reasonable and fair-minded juror could only find the defendant not guilty.
Byars v. State, 835 So.2d 965, 970(¶ 13) (Miss.Ct.App.2003).
¶ 19. In reviewing the record, Harrison's testimony details the events of *622 the night in question for her and Forkner. Although some contradictions were present in Harrison's testimony, it is not the role of this Court to determine the credibility of the witness. The law is well settled that "[o]ur case law is axiomatic on the proposition that the jury is arbiter of the credibility of testimony. `It is, of course, within the province of the jury to determine the credibility of witnesses....'" Collier v. State, 711 So.2d 458, 462(¶ 18) (Miss.1998) (quoting Pleasant v. State, 701 So.2d 799, 802(¶ 13) (Miss.1997)). The jury assigns the weight to be given the testimony of a witness, and the jury's verdict is supported by Harrison's testimony. We find this issue to be without merit.

IV. WHETHER THE COURT ERRED IN GRANTING THE STATE'S INSTRUCTION S-7.

STANDARD OF REVIEW
¶ 20. "Our standard of reviewing a judge's decision concerning jury instructions is as follows: In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole." Conners v. State, 822 So.2d 290, 292(¶ 5) (Miss.Ct.App.2001). "When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Id.

DISCUSSION
¶ 21. Forkner's next assignment of error is that State's instruction S-7 was improper. State's instruction S-7 reads as follows: "The Court instructs the jury that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt." The record further indicates that upon determining which jury instructions to allow, Forkner's counsel raised no objection to instruction S-7. This Court has held numerous times that a defendant is confined on appeal to the grounds of objection he raised at trial. "The failure of an offended party to properly object to a jury instruction bars the issue on appeal." Wells v. State, 849 So.2d 1231, 1237(¶ 19) (Miss.2003) (citing Jones v. State, 776 So.2d 643, 653(¶ 35) (Miss.2000)). As such, we find this issue is procedurally barred.

V. WHETHER THE PROSECUTOR'S REMARKS IN HIS OPENING STATEMENT WERE IMPROPER.

STANDARD OF REVIEW
¶ 22. "The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2000).

DISCUSSION
¶ 23. Forkner next contends that the prosecutor's remarks concerning a witness, Jason James, during the State's opening statement was improper. During the State's opening statement, the prosecutor explained to the jury what he expected and anticipated from James's testimony. Specifically, he anticipated James to testify that Forkner confessed to stealing the two air conditioning units. At the time of the State's opening statement, no objection was made to such remarks. Prior to the statement being made, defense counsel knew of the State's intention to call James and to what he would testify. Rather than making a contemporaneous objection, defense *623 counsel waited to object when James was called to testify.
¶ 24. Later during the trial, when the State wished to call James to testify, Forkner's counsel successfully objected to James's testimony. The trial judge at this point deemed that to allow James's testimony would place an undue burden on Forkner, as Forkner would be limited in his cross-examination of James.
¶ 25. Rather than objecting during the opening statement when the prosecutor made reference to James and what he anticipated his testimony to be, Forkner's counsel objected when the State attempted to call James to testify. On appeal, Forkner contends that by mentioning James during opening statements, the prosecutor caused detriment to Forkner's case.
¶ 26. It is well settled that a contemporaneous objection is necessary to preserve the right to raise an error on appeal. Pittman v. State, 297 So.2d 888, 892 (Miss.1974) (citing Myers v. State, 268 So.2d 353 (Miss.1972)). While the prosecutor's statements were not beneficial to Forkner's defense, this issue was not properly preserved to be brought before this Court. To allow reversal for this assignment of error, would allow defendants the tactical advantage of refraining from objecting during opening statements, obtaining a favorable ruling on a piece of objectionable evidence or testimony, and then raising the entire issue again on appeal as an assignment of error. As the trial judge did not have the opportunity to correct any problem which may have been present, we will not review this issue on appeal. Patton v. State, 742 So.2d 150, 153(¶ 9) (Miss. Ct.App.1999). Therefore, this issue is procedurally barred.

VI. WHETHER THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT.

STANDARD OF REVIEW
Amendments to an indictment may be made only if the amendment is immaterial to the merits of the case and the defense will not be prejudiced by the amendment. Amendments as to the substance of the charge must be made by a grand jury. "The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made."
Crawford v. State, 754 So.2d 1211, 1219(¶ 17) (Miss.2000) (citing Eakes v. State, 665 So.2d 852, 860 (Miss.1995)).

DISCUSSION
¶ 27. Forkner argues that the trial court erred by granting the State's motion to amend the indictment on the date of trial so that Forkner would be tried as a habitual offender, pursuant to Mississippi Code Annotated § 99-19-83. In support of this contention, Forkner argues that the amended indictment violates his Eighth Amendment right against cruel and unusual punishment.
Mississippi Code Annotated § 99-19-83 reads as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended *624 nor shall such person be eligible for parole or probation.
¶ 28. The Mississippi Supreme Court has previously held that it is permissible to amend the indictment on the date of trial and to charge the defendant as a habitual criminal under Mississippi Code Annotated § 99-19-83, when defense counsel is aware of the State's intentions and the defendant is fully aware of the State's intentions during plea negotiations. Ellis v. State, 469 So.2d 1256 (Miss.1985). A review of the record indicates that the State has met these requirements as follows:
THE COURT: Good morning. This is state of Mississippi versus Winfred Forkner, Cause No. 00-KR-044. Mr. Rosenblatt, you have a motion that has been filed to amend that was filed last week.
MR. ROSENBLATT: Yes, Your Honor. Well, I actually filed it yesterday, but I believe I gave notice to the Court last week and to Mr. Sermos.
MR. SERMOS: Yes, Your Honor. That's correct. He did.
MR. ROSENBLATT: Your Honor, it's a motion to amend the indictment to allege that Mr. Winfred Forkner is a habitual offender within the means of 99-19-83, and that statute provides that if he serves at least one year on two different convictions, one of which is a crime of violence, then he's due to receive a sentence of life without parole upon conviction.
THE COURT: Do you have another copy of that because it's not in this file?
MR. ROSENBLATT: Your Honor, I believe Rule 7.09 clearly allows for this sort of amendment which goes towards enhanced sentencing.
THE COURT: The Court is going to grant the amendment. So Mr. Forkner, you'll be tried as a habitual offender for sentencing purposes, enhancement of the sentence.
MR. ROSENBLATT: Your Honor, for the record, we have offered to allow Mr. Forkner to plead as a nonhabitual to the [b]urglary of a[s]torehouse charge as oppose[d] to a life habitual. My understanding is he has declined to accept that offer. Burglary of a storehouse would carry the maximum of seven years, and I believe he has been made aware of that by his attorney.
THE COURT: And what does his sentence carry?
MR. ROSENBLATT: As an habitual, it would be life without parole.
THE COURT: Okay. So Mr. Sermos, you have discussed that with Mr. Forkner?
MR. SERMOS: Yes, Your Honor. On two separate occasions.
THE COURT: Mr. Forkner, do you still desire to go to trial?
THE DEFENDANT: Oh, we are going to trial.
As the record demonstrates, Forkner was clearly aware of the State's intention to amend the indictment and the penalty which the amendment would carry.
¶ 29. Further, Rule 7.09 of the Uniform Rules of Circuit and County Court directly addresses this issue. Rule 7.09 reads as follows:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g. driving under the influence, Miss.Code ann. § 63-11-30). Amendment shall be allowed *625 only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised (emphasis added).
As the amendment in no way prejudiced Forkner's defense, we find this argument to be without merit.
¶ 30. Forkner's second argument is that because of its prescribed sentence of life imprisonment without parole, Mississippi Code Annotated § 99-19-83 is violative of his Eighth Amendment right. Forkner's contention has been addressed by the Fifth Circuit Court of Appeals in the case of McGruder v. Puckett, 954 F.2d 313 (5th Cir.1992). In the McGruder opinion, the Fifth Circuit found that § 99-19-83 does not violate one's Eighth Amendment rights. Further, the Mississippi Supreme Court acknowledges that the length of sentences is properly controlled by the legislature. Davis v. State, 724 So.2d 342, 344(¶ 11) (Miss.1998). Therefore, this issue is without merit.

VII. WHETHER THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT, A PEREMPTORY INSTRUCTION, OR A JUDGMENT NOTWITHSTANDING THE VERDICT.

STANDARD OF REVIEW
[W]e must, with respect to each element of the offense, consider all of the evidencenot just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss. 1987) (citations omitted).

DISCUSSION
¶ 31. Forkner argues that the State did not prove beyond a reasonable doubt all of the elements of the crime for which he was convicted. First, Forkner contends that the State did not prove beyond a reasonable doubt that the camps were burglarized in August, 2000. Further, Forkner argues that the State did not prove beyond a reasonable doubt that he was guilty of committing the break-ins.
¶ 32. At trial, Trevillion, the owner of one camp which was burglarized, stated that the air conditioner was discovered as missing in late summer or early fall of 2000. Again, Forkner argues that the State did not pinpoint the exact date that the theft occurred. In his contention, Forkner relies on the date specified in the indictment as the date which must be proved as when the burglary occurred. As previously discussed in Forkner's first assignment of error, this issue is without merit.
¶ 33. Forkner next argues that the State did not prove beyond a reasonable doubt that he committed the break-ins. At trial, Harrison testified that she witnessed Forkner pry the air conditioning unit out of the window of the hunting camp which constitutes the second count of the indictment. The air conditioner which was the subject of Count I of the indictment was the air conditioning unit Harrison testified she saw Forkner pull over to the side of the road outside of Trevillion's hunting *626 camp, retrieve an air conditioner from the ditch, and place the air conditioner into the trunk of the car. Through this testimony, an inference was made by the jury that Forkner had previously removed the air conditioner and placed it by the road for later retrieval. "It is within the discretion of the jury to accept or reject testimony by a witness, and the jury `may give consideration to all inferences flowing from the testimony.'" Quarles v. State, 863 So.2d 987, 988(¶ 4) (Miss.Ct.App.2004) (quoting Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000)).
¶ 34. Issues of credibility and the weight assigned to the testimony presented are determinations which are made by the jury. Jackson v. Griffin, 390 So.2d 287, 289 (Miss.1980). As the jury's verdict was supported by the evidence, we will not disturb it on appeal. Therefore, we find this issue to be without merit.

VIII. WHETHER THERE ARE CUMULATIVE ERRORS WHICH REQUIRE REVERSAL.

STANDARD OF REVIEW
¶ 35. This Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Jenkins v. State, 607 So.2d 1171, 1183-84 (Miss.1992). However, where there was no reversible error in any part, there is no reversible error as to the whole. McFee v. State, 511 So.2d 130, 136 (Miss.1987).

DISCUSSION
¶ 36. Forkner lastly contends that he was deprived of a fundamentally fair and impartial trial due to the cumulative errors throughout the trial. As we have found no reversible error with any aspect of the trial, reversal due to cumulative errors is not proper. Id. Therefore, this issue is without merit.
¶ 37. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY OF CONVICTION OF BURGLARY OF A STOREHOUSE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AS A HABITUAL OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.