911 So.2d 1007 (2005)
Roosevelt FORD a/k/a 44, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01221-COA.
Court of Appeals of Mississippi.
September 27, 2005.
*1009 Roosevelt Ford, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorneys for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Roosevelt Ford pled guilty in the Circuit Court of Coahoma County to burglary of a building other than a dwelling. Ford appeals the circuit court's denial of post-conviction relief, arguing (1) that his original indictment was defective, (2) that his indictment was improperly amended, (3) that his guilty plea was not entered knowingly and voluntarily, and (4) that he received ineffective assistance of counsel. We find that the circuit court was not in error for dismissing Ford's petition for post-conviction relief. Consequently, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. After pleading guilty to the charge of burglary of a building other than a dwelling, Roosevelt Ford was sentenced by the Circuit Court of Coahoma County to two and one-half years in the custody of *1010 the Mississippi Department of Corrections. Aggrieved, Ford filed a motion to vacate and set aside his conviction and sentence, which the circuit court initially denied without addressing the merits of Ford's contentions. The court held that it no longer had the authority to amend or alter Ford's sentence, and that Ford had failed to comply with the dictates of the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. § 99-39-1 et seq. However, in denying Ford's motion, the circuit judge provided no findings to support his conclusions. From the denial of his motion to vacate and set aside his conviction and sentence, Ford appealed to this Court. Both Ford and the State argued the merits of the denial of post-conviction relief as if the judge had ruled on the merits of Ford's claim. We remanded the matter to the circuit court for the limited purpose of requiring the circuit judge to make findings in support of his conclusion that Ford's motion did not comport with the Mississippi Uniform Post-Conviction Collateral Relief Act. Our order also provided that if on remand the court found that the motion should have been treated as a matter of post-conviction relief, then it should make findings of fact and conclusions of law as appropriate.
¶ 3. On remand, the court stated that its decision to deny relief had been based on the fact that Ford failed to follow the requirements of sections 99-39-9(1)(d) and (e) of the Mississippi Code in that Ford's motion had contained neither a separate, sworn statement of facts within his knowledge nor a separate statement of facts not within his knowledge. However, "[i]n an abundance of caution," the court proceeded to address the merits of Ford's motion. The court held that Ford's guilty plea had been entered knowingly and voluntarily and that he had not suffered from ineffective assistance of counsel. Notably, the circuit judge did not address whether Ford's original indictment was defective, or whether the indictment had been improperly amended.
WHETHER THE CIRCUIT COURT ERRED IN DENYING FORD'S MOTION FOR POST-CONVICTION RELIEF

Standard of Review
¶ 4. Our standard of reviewing a trial court's denial of post-conviction relief is well settled: The circuit judge's rulings on findings of fact will not be disturbed unless clearly erroneous; however, questions of law are reviewed de novo. Robinson v. State, 904 So.2d 203, 204 (¶ 3) (Miss. Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). While the issues of whether Ford's plea was knowingly and voluntarily entered and whether Ford suffered from ineffective assistance of counsel are questions of fact, whether Ford's indictment was defective is a question of law. See Williams v. State, 772 So.2d 406, 408 (¶ 8) (Miss.Ct.App.2000) (citing Peterson v. State, 671 So.2d 647, 652 (Miss.1996)). Accordingly, we address the indictment issues de novo.

a. Whether the circuit court erred in finding that Ford's motion failed to meet the requirements of the Mississippi Uniform Post-Conviction Collateral Relief Act
¶ 5. It was within the lower court's discretion to deny Ford's motion for failing to comply with sections 99-39-9(1)(d) and (e) of the Mississippi Code. The absence of a sworn statement of facts in a motion for post-conviction relief is sufficient reason to deny the motion. Newson v. State, 816 So.2d 1035, 1037(¶ 5) (Miss.Ct. App.2002) (citing Robertson v. State, 669 So.2d 11, 13 (Miss.1996)). However, it appears to this Court that notwithstanding these omissions, Ford's motion substantially *1011 complied with the requirements for a motion for post-conviction relief.
¶ 6. Section 99-39-9 of the Mississippi Code sets forth the formal requirements of a motion for post-conviction relief. See Miss.Code Ann. § 99-39-9 (Supp.2004). In consideration of section 99-39-9(4), only substantial compliance is needed to meet the requirements for a motion of post-conviction relief. See, e.g., McDougle v. State, No. 2003-CP-01417-COA, ___ So.2d ___, 2005 WL 1154203 (¶¶ 10-11) (Miss. Ct.App. May 17, 2005). Further, though empowered to do so under section 99-39-9(4), the court did not return the motion to Ford as failing to substantially comply with the provisions of section 99-39-9. See Miss.Code Ann. § 99-39-9(4) (Supp. 2004). In light of these facts, we find that Ford's motion substantially complied with the requirements of section 99-39-9, and that the circuit court properly acted on the merits of Ford's motion for post-conviction relief on remand.

b. Whether Ford's guilty plea was entered knowingly and voluntarily
¶ 7. In denying Ford's motion to vacate and set aside his sentence, the court noted on remand that there was nothing in the record to indicate that Ford's guilty plea was not given knowingly and voluntarily. The court below found that Ford signed a notarized petition in which he declared that he understood his constitutional rights to, inter alia, a speedy and public trial, to confrontation of witnesses, to testify in his own defense and to a jury verdict. Furthermore, Ford acknowledged in the petition that he had not been compelled or induced by any person to enter his plea of guilty. He stated that he offered his plea "freely and voluntarily and with full understanding of all matters set forth in the indictment," and that the plea was made with the advice and consent of his attorney. Ford's petition also stated the minimum and maximum sentences for the crime of burglary of a building other than a dwelling.
¶ 8. The court also noted that at the guilty plea hearing, Ford heard the explanation of the charge against him and admitted that he committed the crime with which he was charged. The circuit judge explained the minimum and maximum sentence for the crime, and Ford said he was aware of the punishment he could face. Furthermore, Ford acknowledged that his attorney had informed him of his constitutional rights and stated that he understood them.
¶ 9. Under these facts, the court found that Ford's guilty plea was given knowingly and voluntarily. The record supports the court's finding, and accordingly, we cannot say that his finding is clearly erroneous. Ford's assignment of error is without merit.

c. Whether Ford suffered from ineffective assistance of counsel
¶ 10. On remand, the court determined that "[T]here is absolutely nothing in the record to support the Petitioner's claim of ineffective assistance of counsel." The court noted that Ford stated at his plea hearing that he was satisfied with the services of his attorney and that he had no complaints. Additionally, Ford stated in his sworn petition, "I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me." Lastly, the court found that even had there been evidence of ineffective assistance of counsel, Ford suffered no prejudice whatsoever.
¶ 11. Ineffective assistance of counsel claims are judged by the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant *1012 to show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999) (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). The Strickland standard applies to guilty pleas as well. Richardson v. State, 769 So.2d 230, 234(¶ 10) (Miss.Ct.App.2000) (citing Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990)). In order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that his attorney's conduct "falls within a broad range of reasonable professional assistance" by showing that but for the deficient performance a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 12. Ford has offered no evidence that his attorney's performance was deficient, and our review of the record uncovers none. Accordingly, we uphold the lower court's findings of fact as they are not clearly erroneous. This issue is without merit.

d. Whether Ford's initial indictment was defective in that it did not give him adequate notice of the charge of robbery of a building other than a dwelling

e. Whether the circuit court erred in amending the original indictment of "burglary of dwelling" to "burglary of a building other than a dwelling" without first returning the indictment to the grand jury
¶ 13. Ford pled guilty to the charge of burglary of a building other than a dwelling but now attacks his indictment as defective. However, a valid guilty plea admits all elements of a criminal charge and waives all non-jurisdictional defects contained in the indictment. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990) (citing Houston v. State, 461 So.2d 720, 723 (Miss.1984)); Griffin v. State, 824 So.2d 632, 634(¶ 2) (Miss.Ct.App.2002). While the failure to charge an essential element of the crime may not be waived, Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989), Ford's indictment does not suffer from such a defect. Ford signed a notarized petition to plead guilty in which he acknowledged that his plea was given knowingly and voluntarily. Furthermore, the transcript of Ford's guilty plea hearing makes it clear that he understood his rights, the nature of the crime of burglary of a building other than a dwelling and the sentence he was facing. In sum, he entered a valid guilty plea and thus waived his right to challenge the sufficiency of his indictment. With this in mind, we need not reach the merits of Ford's motion; however, out of an abundance of caution, we will address them.
¶ 14. Uniform Rule of Circuit and County Court Practice (URCCCP) 7.06 provides the required contents of an indictment: the name of the accused; the date on which the indictment was filed in each court; a statement that the prosecution is brought in the name and by the authority of the State of Mississippi; the county and judicial district in which the indictment is brought; the date, and if applicable, the time, on which the offense was alleged to be committed; the signature of the foreman of the grand jury issuing the indictment; and the words "against the peace and dignity of the state." Further, the rule requires that an indictment provide "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him." Carroll v. State, 755 So.2d 483, 487(¶ 10) (Miss.Ct.App.1999) (citing Gatlin v. State, 724 So.2d 359, 366(¶ 32) (Miss. 1998)). Furthermore, as a general rule, an indictment which tracks the language of a criminal statute is sufficient to inform the *1013 defendant of the charge against him. Stevens v. State, 808 So.2d 908, 919(¶ 31) (Miss.2002) (citing Ward v. State, 479 So.2d 713, 714 (Miss.1985)).
¶ 15. Ford's initial indictment stated:
Roosevelt Ford a/k/a "44," late of Coahoma County, Mississippi, on or about April 10, 2003, in the County and State aforesaid, and within the jurisdiction of this Court, did then and there, unlawfully, wilfully, feloniously and burglariously to break and enter a storage shed at 836 McKinley of the property of Reda James, Clarksdale, MS, with the intent to commit the crime of larceny therein.
¶ 16. Ford's indictment clearly contained the requisite elements of URCCCP 7.06 and tracked the language of section 97-17-33 of the Mississippi Code. Section 97-17-33(1) provides:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
Miss.Code Ann. § 97-17-33(1) (Rev.2000).
¶ 17. Ford's indictment tracks the language of section 97-17-33 in that it alleges a breaking and entering of a storage shed ("other building") with the intent to commit larceny therein. The indictment gave him full notice that he was to defend against a charge of burglary of a building other than a dwelling under section 97-17-33. Accordingly, we find Ford's original indictment to be without defect.
¶ 18. Ford also claims that the circuit judge erred in allowing an amendment to his indictment. On July 31, 2003, the court allowed an amendment "to charge the defendant with Burglary of a Building Other Than a Dwelling as provided in Section 97-17-33 Mississippi Code of 1972." Ford claims that this was a substantive amendment, and that as such, the court was obligated to return the indictment to the grand jury for amendment.
¶ 19. Amendments to an indictment may be made only if the amendment is immaterial to the merits of the case and the defense will not be prejudiced by the amendment. Forkner v. State, 902 So.2d 615, 623(¶ 26) (Miss.Ct.App.2004). Amendments as to the substance of the charge, however, must be made by a grand jury. Id. "The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made." Id. (citing Crawford v. State, 754 So.2d 1211, 1219(¶ 17) (Miss.2000)). The amendment in Ford's case is clearly one of form rather than substance, and in no way prejudiced his defense. As mentioned above, Ford's original indictment tracked the language of section 97-17-33 of the Mississippi Code; the amendment merely clarified the indictment to include the section number of the crime with which Ford was charged. Ford's defense would have been the same under the original indictment or the amended indictment; thus, the lower court did not err in allowing the amendment to Ford's indictment.
¶ 20. As mentioned above, Ford entered a valid guilty plea and thus waived *1014 his right to challenge the sufficiency of his indictment. However, notwithstanding the waiver, Ford's claims that his original and amended indictment were defective are without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.