# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00719-COA

**ELONZO A. LATHAM A/K/A ELONZO LATHAM**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:             05/29/2024
TRIAL JUDGE:                   HON. MICHELLE DEAN EASTERLING
COURT FROM WHICH APPEALED:  LOWNDES COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    OFFICE OF STATE PUBLIC DEFENDER
                                  BY: JUSTIN TAYLOR COOK
                                  ELONZO A. LATHAM (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                                  BY: ASHLEY LAUREN SULSER
DISTRICT ATTORNEY:           SCOTT WINSTON COLOM
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                   AFFIRMED - 11/25/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    On May 29, 2024, after a jury trial, Elonzo Latham was found guilty by a Lowndes County, Mississippi jury of sexual battery pursuant to Mississippi Code Annotated section 97-3-95 and was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections (MDOC). Latham's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Latham filed a pro se supplemental brief raising two issues. First, he argues that his indictment was defective. Second, he argues that the trial court erred in failing to properly instruct the jury on one of the elements of sexual battery.

Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2. On October 27, 2022, a Lowndes County, Mississippi, grand jury charged Latham with sexual battery. Latham's trial was held on May 20 and 21, 2024. At trial, KG[1] testified that in 2021, she lived with her mother and her mother's boyfriend, who was Latham's brother. She explained that Latham was "like an uncle" to her, and she saw him often because he would frequently come over to their house. KG testified that she turned thirteen on October 3, 2021. KG explained that on "the night of or the day after [her thirteenth] birthday[,]" Latham spent the night in the living room of KG's mother's house. She testified that Latham came into her room, woke her up, and "inserted his penis into [her] vagina." In December 2021, Latham again forced KG to have sexual intercourse with him. KG did not tell anyone about either incident because she "figured that nobody would believe [her]."

¶3. A couple of months later, KG informed her mother that she missed her menstrual cycle. KG testified that her mother told Latham's sister that KG missed her menstrual cycle. Latham's sister brought KG to her house, where KG took a pregnancy test, which tested positive. After KG received the positive result, she told Latham's sister that "her brother forced [her] to have sex" with him. KG's mother took KG to a clinic in Alabama, where KG had an abortion. Samples from the abortion were genetically tested and showed a 99.9999993% probability of Latham's paternity as compared to a randomly selected, unrelated man of the same race.

---

[1] This case involves a crime against a minor. Therefore, initials will be used to protect the minor's anonymity.

¶4.     The jury found Latham guilty of sexual battery, and he was sentenced to serve thirty years day for day in the custody of the Mississippi Department of Corrections (MDOC). On May 22, 2024, Latham moved for a judgment notwithstanding the verdict or, alternatively, for a new trial. The court denied Latham's motion. Latham appealed the verdict, and Latham's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that there were no arguable issues to support the appeal. Latham filed a pro se supplemental brief raising two issues. First, he argues that his indictment was defective. Second, he argues that the trial court erred in failing to properly instruct the jury on one of the elements of sexual battery.

## ANALYSIS

¶5.     In *Lindsey*, 939 So. 2d at 748 (¶18), the Mississippi Supreme Court identified the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." This procedure instructs the appellate counsel to "file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]" and demonstrate that

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* The defendant's counsel must also "send a copy of his or her brief to the defendant" to

3

inform the defendant that no arguable issues were found, and "counsel must notify the defendant of his right to file a pro se brief." *Id.* "The appellate court must then determine if there is any arguable issue based on its review of the record and any pro se brief filed, and, if so, require supplemental briefing." *Id.*

¶6. In this case, Latham's counsel complied with the *Lindsey* procedure and certified that there were no arguable issues to present on appeal. Latham's counsel also certified in the brief that he "mailed by first class mail, postage prepaid, a copy of this brief, a copy of the trial transcript, and correspondence informing" Latham that no arguable issues in the record were found and that Latham has a right to file a pro se brief. This Court entered an order granting Latham time to file a pro se supplemental brief.

¶7. Latham filed a pro se brief and argued two issues. First, he argued that his indictment was defective because it failed to identify him as the defendant and omitted the words "without her consent." "This Court reviews . . . the question of whether an indictment is fatally defective [de novo]." *Townsend v. State*, 188 So. 3d 616, 619 (¶10) (Miss. Ct. App. 2016). We recognize that "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Davis v. State*, 171 So. 3d 537, 540 (¶11) (Miss. Ct. App. 2015) (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)).

¶8. Latham did not object to the contents of the indictment at the trial level and therefore has waived this issue on appeal. *See Jerninghan v. State*, 910 So. 2d 748, 750 (¶4) (Miss. Ct.

4

App. 2005). Notwithstanding the procedural bar, we find that Latham's indictment was sufficient.

¶9.     Latham argues that the indictment was defective because it failed to identify him as the defendant since his first name was spelled as "Elonza" rather than "Elonzo." This Court addressed a similar argument in *Forkner v. State*, 902 So. 2d 615, 620 (¶9) (Miss. Ct. App. 2004), when Forkner asserted on appeal that "the indictment issued against him was defective, as the indictment misspelled his last name as 'Folkner' rather than 'Forkner.'" *Id.* The issue was thus deemed "not properly before this Court" because the indictment did not contain a "substantive error." *Id.* at (¶10). "[A] misspelled name in the indictment is a matter which may be corrected by the trial court on motion by the prosecutor[,]" *Id.* at (¶11) (citing *Evans v. State*, 499 So. 2d 781, 784-85 (Miss. 1986)), and "as such a matter is correctable, it may not be deemed as substantive." *Id.* Because the misspelling of Latham's first name was an error that could be corrected, the error is not substantive, and this argument is without merit. *See id.*

¶10.    Latham also argues that the indictment is defective because it did not contain the "lack of consent" element of sexual battery. This element was not required to be in the indictment because it is not an essential element of sexual battery under section Mississippi Code Annotated section 97-3-95(1)(d). Indeed, section 97-3-95(1)(d) sets forth that: "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: . . . (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." *See Carter v. State*, 204 So. 3d 791, 796 (¶21) (Miss. App. 2016)

(citing *Palmer v. State*, 140 So. 3d 448, 452 (¶6) (Miss. Ct. App. 2014)) (holding "the element of consent is not an essential element of the charged crime of sexual battery of a child under the age of fourteen years old"). We find no merit to Latham's defective indictment arguments.

¶11. Latham's second argument is that the trial court erred in failing to properly instruct the jury on the elements of sexual battery. He asserts that the jury instruction does not track the language of section 97-3-95 because it does not instruct the jury that it must find that Latham engaged in sexual penetration with KG "without her consent," and it does not inform the jury of KG's age.

¶12. This Court reviews challenges to jury instructions under an abuse-of-discretion standard. *Baker v. State*, 315 So. 3d 558, 563 (¶13) (Miss. Ct. App. 2021) (citing *Newell v. State*, 49 So. 3d 66, 73 (¶20) (Miss. 2010)). If the instructions as a whole "fairly announce the law of the case and create no injustice," this Court will not reverse. *Id.* The Mississippi Supreme Court has stated that a defendant's "failure to object to [a jury] instruction at trial bars that issue on appeal." *Missala Marine Servs. Inc. v. Odom*, 861 So. 2d 290, 296 (¶25) (Miss. 2003) (citing *Jones v. State*, 776 So. 2d 643, 653 (Miss. 2000)).

¶13. Latham did not object to the jury instructions at trial. Furthermore, in his supplemental brief he admits that he "did not object to the jury instruction before or during trial." Therefore, this issue is waived. *Id.*

¶14. Notwithstanding the procedural bar, this issue is without merit. First, as stated earlier, "lack of consent" is not an element of sexual battery under section 97-3-95(1)(d), which is

6

the section Latham was charged with violating. *See Carter*, 204 So. 3d at 796 (¶21). Second, he argued that the instruction did not contain the "age" element. However, the jury instruction did include the age requirement by stating:

> If you find beyond a reasonable doubt from the evidence in this case that:
> . . . .
>
> 3. When Elonzo Latham unlawfully engaged in sexual penetration with [KG]:
>   a. Elonzo Latham was 24 or more months older than [KG];
>   b. [KG] was under the age of 14 years old; and
>   c. Elonzo Latham was not the spouse of [KG],
> then you shall find Elonzo Latham guilty as charged.

Latham's argument that the trial court erred in failing to properly instruct the jury on the elements of sexual battery is without merit.

## CONCLUSION

¶15.    Latham waived both issues he raised in his pro se supplemental brief because he did not raise them at trial. Even if the issues were not waived, they are meritless because the indictment was not defective, and the jury was properly instructed on the elements of sexual battery under Mississippi Code Annotated section 97-3-95(1)(d). Accordingly, we affirm Latham's conviction and sentence.

¶16.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**