MYERS, J.,
for the court.
¶ 1. Winfred “Wimp” Forkner was convicted of the burglary of a storehouse. Forkner was sentenced to serve a term of life imprisonment without the possibility of parole in the custody of the Mississippi Department of Corrections, as a habitual offender, pursuant to Miss.Code Ann. § 99-19-83 (Rev.2000). This Court dismisses his appeal for lack of jurisdiction.
STATEMENT OF FACTS
¶ 2. Forkner was convicted on February 26, 2001. The sentencing order was signed on February 28 and filed March 1. Forkner filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial on March 8 and 12. The motions were denied on March 9 and filed on March 12.
¶ 3. On April 20, 2001, Forkner filed a motion to reopen time to file an appeal. The motion to reopen time to file an appeal alleged that on March 20 and April 9, inquiries were made at the circuit clerk’s office and that the order denying the motion for judgment notwithstanding the verdict or in the alternate for a new trial was not found. The motion to reopen time to file an appeal also alleged that on April 18 an inquiry was made at the circuit clerk’s office and the order denying the motion for judgment notwithstanding the verdict or in the alternative for a new trial was found. No hearing was held on the motion to reopen time nor does an order denying or granting the motion appear in the record. Forkner filed his notice of appeal on May 2.
LEGAL ANALYSIS
¶ 4. Mississippi Rules of Appellate Procedure Rule 4(a) requires the notice of appeal to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order being appealed. M.R.A.P. 4(a).
¶ 5. One exception which allows for an out of time appeal is Mississippi Rules of Appellate Procedure Rule 4(h). Rule 4(h) allows for an out of time appeal,
If [the trial court] finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such no *606 tice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within seven days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of fourteen days from the date of entry of the order reopening the time for appeal.
¶ 6. The clear language of the rule is that a trial court may but does not have to reopen the time for appeal. M.R.A.P. 4(h).
¶ 7. The advisory committee note of Mississippi Rules of Appellate Procedure Rule 4 acknowledges that the party seeking relief carries the burden of persuasion regarding the lack of a timely notice. M.R.A.P. 4; see Nunley v. City of Los Angeles, 52 F.3d 792, 798 (9th Cir.1995). There must be a specific factual denial of receipt of notice to rebut and terminate the presumption that notice was mailed and received. Id. at 798.
CONCLUSION
¶ 8. This Court is mindful that the Mississippi Supreme Court has allowed the suspension of Mississippi Rules of Appellate Procedure Rule 4 for out-of-time appeals. However, these instances are limited in scope. Timely filing of a notice of appeal is jurisdictional. Eades v. State, 805 So.2d 554, 555(¶ 4) (Miss.Ct.App.2000). In the instant case, the record does not reflect that there was ever an order granting or denying Forkner’s motion to reopen time for appeal. Since the trial court has made no ruling on Forkner’s motion to reopen time for appeal, this Court does not have the jurisdiction necessary to hear this appeal.
¶ 9. THE APPEAL OF THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT IS DISMISSED FOR LACK OF JURISDICTION AS BEING UNTIMELY FILED. COSTS OF THE APPEAL ARE ASSESSED TO WILKINSON COUNTY.
THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., KING, P.J., AND BRIDGES, J.