SOUTHWICK, P.J.,
for the Court.
¶ 1. The defendants were found guilty of criminal contempt in an ongoing chancery suit. They were ordered to pay $3,600 in actual damages, the plaintiffs’ reasonable attorney’s fees, and $30,000 as a penalty, all payable to the plaintiffs. Undecided was an underlying contract dispute. This is an appeal solely from the award of attorney’s fees and the sanctions for contempt. We find that this interlocutory appeal was never perfected. We therefore dismiss the appeal.
STATEMENT OF FACTS
•¶ 2. Charlie Morris and Phyllis Allen granted a lease of real property in Holmes County to Inez Walden and Linda Walden. The lease commenced on June 30, 1997. The property was commonly known as “The Goodman Racetrack & Park.” It was the site of concerts and other public gatherings. A dispute arose over whether the lessors’ continued use of the land for events and related purposes such as for concession stands, interfered with the lessees’ rights of exclusive use and possession. The Waldens filed suit against Morris and Allen on May 5, 2000. The basis was tortious interference with business activities and breach of contract. That same day, the chancellor issued a temporary restraining order enjoining Morris and Allen from further interference of the Wal-dens’ use of the property. On June 30, 2000, the chancellor issued a preliminary injunction ordering Morris and Allen to cease interference with the Waldens leasehold rights.
¶ 3. On April 19, 2001, the Waldens filed a motion for criminal contempt against Morris and Allen for violations of the injunction. The chancery court, on December 17, 2001, found Morris and Allen in criminal contempt, and ordered them to pay $3,600 in actual damages, reasonable attorney’s fees, and $30,000 in sanctions. The sanctions were to be paid to the Wal-dens. Morris and Allen appeal the attorney’s fees and sanctions, but they do not appeal the finding they were in contempt or the payment of actual damages. According to the record before us, a final judgment on the tort and breach of contract claims has not been entered.
DISCUSSION

1. Premature appeal

¶ 4. On January 15, 2002, Morris and Allen filed a motion to reconsider the *707 ruling on contempt, for clarification and for certification of interlocutory appeal. On the same day, they filed a notice of appeal “from that final judgment.” A “notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.” M.R.A.P. 4(d). There is no order in the record denying the post-trial motion. Issues about the excessiveness of the penalty and other matters should have first been addressed by the trial court. Perhaps they were but only after the completion of the appellate record.
¶ 5. In a similar situation, this Court dismissed an appeal because there was no evidence that the appellant’s motion had been granted to permit an out-of-time appeal. Forkner v. State, 852 So.2d 604 (¶ 8) (Miss.Ct.App.2002). The Supreme Court overturned the decision after granting a writ of certiorari. It ordered that the trial court clerk supplement the record with any order on the motion entered after the earlier certification of the trial record, or if no order existed, required that the appellant seek a ruling on the motion and provide a copy to the court. Forkner v. State, 2001-CT-00754-SCT (Miss. July 24, 2003) (order requiring supplementation of record).
¶ 6. Based on the Supreme Court’s action in Forkner, we have considered entering an order here to determine whether the motion for reconsideration has ever been ruled upon. However, we find certain distinctions that cause us to take a different approach.
¶ 7. First, a party found in contempt has a right to appeal from that decision even though the merits of the litigation in which the contempt order was entered have not yet been resolved. If the party is found in criminal contempt, this is the statute that may be utilized:
(1) A person ordered by any tribunal, except the supreme court, to be punished for a contempt, may appeal to the court to which other cases are appeal-able from said tribunal. Where the punishment is either a fine only, or jail confinement only, the appeal shall be allowed upon the posting of a bond ... [of $1,000.00].
Miss.Code Ann. § 11-51-11 (Rev.2002). Similar rights exist if parties are found to be guilty of civil contempt. Miss.Code Ann. § 11-51-12 (Rev.2002). What the statute does not explicitly state is whether the appeal may be taken immediately from ongoing litigation, or whether there must be a final judgment in the entire case. It appears the statute has been utilized for the salutary purpose of allowing immediate appeal from the contempt order. See Purvis v. Purvis, 657 So.2d 794, 796 (Miss.1995) (appeal taken directly from contempt order during divorce proceedings). We interpret the statute to provide a right of immediate appeal. However, these statutes were not validly invoked. Morris and Allen filed a notice of appeal, did so before receiving a ruling on their motion for reconsideration, and failed to post a bond. These parties who wished to appeal employed a statute that granted them that right, filed the notice before a ruling on a reconsideration motion, and paid the estimated costs other than for the bond. The statutes on appeal from a contempt do not establish a time limit for when the bond must be acquired. These defects do not create grounds for mandatory dismissal. See M.R.A.P. 2(a)(1). Nonetheless, we do dismiss. There is more to correct here than in Forkner, but that is not the reason that we decline simply to stay our ruling *708 until the perfection of the appeal occurs. We explain the other factor next.
¶ 8. Permitting a party to correct certain non-jurisdictional deficiencies in the appeal rests on the sound discretion of the appellate court. M.R.A.P. 2(a)(2). Permitting a bond to be acquired now and acquiring proof of a ruling on the reconsideration motion would allow the appeal to proceed. However, it is obvious on this record that still other matters must be addressed before a final resolution of the contempt issue may be reached. We turn to those now.

2.Contempt

¶ 9. Morris and Allen allege that the chancellor awarded too much as a penalty and also erred in having the penalty paid to the Waldens instead of to the court. The chancellor ordered Morris and Allen to pay the Waldens “$30,000 as sanctions for wilfully, wantonly and contumaciously violating the Preliminary Judgment.” Morris and Allen argue that the court cannot award the Waldens another amount that exceeds their actual damages of $3,600. They argue that a fine for criminal contempt is to be paid to the court, not the private party.
¶ 10. Criminal contempt differs from civil contempt in several ways. In criminal contempt, it is the dignity of a court that is at stake and any fine should be paid to the court. Ill. Cent. R.R. Co. v. Winters, 815 So.2d 1168, 1180(¶47) (Miss.2002). On the other hand, “fines in civil contempt are payable to the party injured by noncompliance with the court’s order and are related to, and ordinarily should not exceed, the injured party’s proved losses and litigation expenses, including counsel fees.” Id., quoting Hyde Constr. Co. v. Koehring Co., 387 F.Supp. 702, 715-16 (S.D.Miss.1974) (footnotes omitted), aff'd as modified in part and rev’d in part on other grounds sub nom. Dunn v. Koehring Co., 546 F.2d 1193 (5th Cir.1977), clarified on rehearing, 551 F.2d 73 (5th Cir.1977). The fine here was in addition to recompense for the Waldens’ actual losses.
¶ 11. The decree from which the attempt to appeal was taken creates these ambiguities as to whether the chancellor intended to enter an order of criminal or civil contempt:
1. In the petition for contempt, the Wal-dens requested criminal contempt.
2. In the contempt hearing, the chancellor noted that criminal contempt was requested.
3. However, the “conclusions of law” section of the chancellor’s opinion sets out the legal standards for civil contempt.
4. The decree concludes by holding the defendants in “contempt” and awarding the plaintiffs $30,000.
5. The $30,000 sanction is punitive in nature. The chancellor made a specific finding of actual damages in the amount of $3600, and made that award. The record and the briefs establish actual damages as $3000 in proceeds from land rental for a cellular tower and $600 (60 people at $10 per ticket) from a rap concert.
¶ 12. Most but not all of the decree is directed towards considerations of criminal contempt. If that was the purpose, it would have been error to require those in contempt to pay sanctions to the other parties. The court had ordered Morris and Allen to refrain from interfering with the Waldens’ use of the property and their leasehold rights. The defendants violated the orders that restrained them by interfering with the Waldens’ rights concerning the property. The penalty appears to be a criminal sanction for the violation of these court orders.
*709 ¶ 13. Even were we to suspend the rules and allow perfection of the appeal at this late date, the just-noted ambiguities of the decree would remain. If the chancellor intended this to be criminal contempt, then changing the payee of the fine also might cause reconsideration of the amount of the fine. Other considerations might arise. We find that it necessary for those options to be considered and rulings made before we evaluate the contempt on the merits.
¶ 14. Morris and Allen’s perception that they need to pursue this statutorily permitted but interlocutory appeal just on the contempt issue might also be re-evaluated once the chancellor reconsiders the matters that we have discussed.

S. Attorney’s fees

¶ 15. Morris and Allen also contest the attorney’s fees award. Since we are dismissing the appeal, we only note this additional issue. The chancellor in addressing the other matters necessary for our review may also consider whether there is any merit to the objections to the fees that have been raised by the defendants.
¶ 16. THE APPEAL FROM THE JUDGMENT OF CONTEMPT AND AWARD OF ATTORNEY’S FEES MADE BY THE CHANCERY COURT OF HOLMES COUNTY IS DISMISSED. ALL COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., BRIDGES, LEE, IRVING, AND GRIFFIS, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY. MYERS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY THOMAS AND CHANDLER, JJ.