FAIR, J.,
for the Court:
¶ 1. In 1999, James Beeks pled guilty to armed robbery. The circuit court sentenced him to thirty years, with ten suspended. After sentencing Beeks, the judge erroneously stated that Beeks was statutorily prohibited from being released for ten years because a firearm was used in the robbery. Beeks interpreted this to mean he would be released in ten years. But when Beeks learned his jailers intended to keep him for the whole twenty years, he filed a petition to clarify his sentence. The trial court denied it. This appeal stems from Beeks’s second filing — his first styled a motion for post-conviction relief (PCR) — where he argues that his misunderstanding of the sentence rendered his guilty plea involuntary. The circuit court found the motion barred as a successive writ. We affirm, noting further that Beeks’s appeal is actually from the denial of a Rule 60(b)[1] motion to alter or amend the judgment dismissing his PCR motion.
FACTS
¶ 2. The trial judge unambiguously sentenced Beeks to thirty years in the custody of the Mississippi Department of Corrections, with ten years suspended. But after pronouncing the sentence, the judge added: “Because a firearm was used in the commission of this crime, you will not be eligible for release or consideration for good time for ten years as provided in Section 47-7-3 Sub D, Sub 2-1, Mississippi Code Annotated, 1972.”[2] The sentencing order concluded similarly: “Defendant shall be required to serve a term of ten years. Section 47—7—3(1)(d)(ii).”
¶ 3. It appears the circuit court confused subsections (1)(d)(ii) and (1)(d)(i). Subsection (1)(d)(i) denies parole eligibility for ten years for robbery convictions involving the display of a firearm, but it does not apply to persons convicted after September 30, 1994. After that date, subsection (1)(d)(ii) applies, and it prohibits parole entirely.
¶ 4. Beeks filed a “Petition to Clarify Sentence” in May 2003, where he claimed the trial court’s true intent was that he serve only ten years. He also half-heart-edly asserted that his sentence was illegal and his guilty plea involuntary. The petition was denied. Beeks attempted to file essentially the same petition in November 2006, under the cause number of his criminal conviction, but it was never actually filed as an original civil action as the PCR Act requires. See Miss.Code Ann. § 99-39-7 (Supp.2013). In 2009, Beeks pursued a Rule 60(b) motion for relief from the denial of his 2003 petition. The trial court denied that as well.
¶ 5. In May 2011, Beeks filed another motion, this one as an original civil action *165 expressly styled a motion for post-conviction relief. Beeks again contended his guilty plea was involuntary, and he also claimed to have been the victim of ineffective assistance of counsel. The 2011 motion was dismissed as a successive writ, but the trial court did enter a “sua sponte” order under Beeks’s criminal cause number, striking the language discussing section 47-7-3(1)(d)(ii) from the sentencing order as erroneous surplusage. See Cochran v. State, 969 So.2d 119, 122 (¶ 9) (Miss. Ct.App.2007) (holding that parole eligibility is not within the trial court’s sentencing power and any language regarding parole in a sentencing order is mere surplusage).
¶ 6. Almost forty days after the entry of the dismissal of his 2011 PCR motion, Beeks filed a “Motion to Reconsider Pursuant to Rule 60(b).” The appeal before us is from the order denying this latest Rule 60(b) motion.
DISCUSSION
¶ 7. Because Beeks did not appeal the dismissal of his 2011 PCR motion within thirty days, or otherwise toll the running of the time to appeal the dismissal directly, this appeal is from the denial of the Rule 60(b) motion, and our review is limited to whether the Rule 60(b) motion was properly denied. Woods v. Victory Mktg. LLC, 111 So.3d 1234, 1236 (¶ 8) (Miss.Ct.App.2013) (citations omitted). We apply an abuse of discretion standard to the denial of a Rule 60(b) motion. Perkins v. Perkins, 787 So.2d 1256, 1261 (¶ 9) (Miss.2001).
¶ 8. The rule provides six bases for relieving a party from a final judgment:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
¶9. Beeks raises only a single issue in his brief on appeal: whether his guilty plea was involuntary. Though he seems to have recognized the need to file a Rule 60(b) motion, both that motion and his brief on appeal are nothing more than attempts to relitigate the underlying merits of his PCR motion for a fourth time. But “[a]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” Bruce v. Bruce, 587 So.2d 898, 903-04 (Miss.1991). Instead, “Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits....” Id. at 903. It “should not be used to relitigate cases.” S. Healthcare Servs. Inc. v. Lloyd’s of London, 110 So.3d 735, 742 (¶ 16) (Miss.2013). Nor is a Rule 60(b) motion a substitute for a timely appeal. Id. at 742 (¶ 14).
¶ 10. Beeks is not entitled to relief from the judgment denying his 2011 PCR motion. We therefore affirm the trial court’s judgment denying the Rule 60(b) motion.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, 33., CONCUR.

. M.R.C.P. 60(b).

. Miss.Code Ann. § 47-7-3 (Rev.2011).