# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01142-COA

**WINFRED FORKNER A/K/A WINFRED FOLKNER A/K/A "WIMP"**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT:  02/25/2015
TRIAL JUDGE:  HON. LILLIE BLACKMON SANDERS
COURT FROM WHICH APPEALED:  WILKINSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:  WINFRED FORKNER (PRO SE)
ATTORNEY FOR APPELLEE:  OFFICE OF THE ATTORNEY GENERAL
BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:  CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:  MOTION FOR POST-CONVICTION RELIEF DISMISSED
DISPOSITION:  APPEAL DISMISSED - 08/16/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### BARNES, J., FOR THE COURT:

¶1.    Winfred Forkner and his accomplice, April Harrison, were indicted on October 26, 2000, on two counts of burglary. The indictment charged that the two defendants traveled to hunting camps in Wilkinson County and stole air-conditioning units from "the camp of Eric Trevillion" and "the camp of the Hobb's Hunting Club." The indictment was later amended to charge Forkner as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015). After a jury trial in Wilkinson County Circuit Court on February 22 and 26, 2001, Forkner was found guilty of Count I; the jury could not return a verdict on

Count II.[1]  He was sentenced to life without parole.

¶2.     On March 8, 2001, Forkner filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied on March 12, 2001.  He filed a motion to reopen the time for appeal on April 20, 2001, and subsequently filed a notice of appeal on May 2, 2001.  This Court dismissed his appeal on December 17, 2002, for lack of jurisdiction, as the circuit court had not ruled on Forkner's motion to reopen the time to file the appeal.  *See Forkner v. State*, 852 So. 2d 604, 606 (¶8) (Miss. Ct. App. 2002).  He filed a second appeal, and our Court affirmed his conviction and sentence on November 30, 2004. *See Forkner v. State*, 902 So. 2d 615, 626 (¶37) (Miss. Ct. App. 2004).

¶3.     Forkner has since filed three applications for permission to file a motion for post-conviction relief (PCR) in trial court.  The first motion was denied on July 19, 2005; the second was dismissed on August 16, 2006.  On December 15, 2010, the Mississippi Supreme Court dismissed Forkner's third application for leave to proceed as a successive writ.  It further warned Forkner that "future frivolous filings may subject Forkner to sanctions[.]"

¶4.     On January 9, 2014, Forkner filed a motion under Mississippi Rule of Civil Procedure 60(b)(4) and (6) with the circuit court, seeking relief from the judgment.  On February 25, 2015, the circuit court denied Forkner's motion.  The circuit court reasoned:

> Mississippi [l]aw states, though a Rule 60(b) motion should be liberally construed, it is not to be used as a substitute for appeal.  In addition, because Forkner's motion in substance represents a petition for Post-Conviction Relief, it dually fails because it falls outside the three (3) year statutory window.

---

[1] Harrison entered a plea of guilty to the two charges on February 22, 2001, and as part of the plea agreement, she was sentenced to five years, which were suspended, and she was placed on five years of probation. She also testified at Forkner's trial.

Forkner appealed the circuit court's order on March 11, 2015.

## DISCUSSION

¶5. This Court affirmed Forkner's conviction and sentence on direct appeal. *Forkner*, 902 So. 2d 615. Mississippi Code Annotated section 99-39-7 (Rev. 2015) of the Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides, in pertinent part:

> Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

As this Court held in *Epps v. State*, 837 So. 2d 243, 245 (¶6) (Miss. Ct. App. 2003):

> [A]s to post-conviction-relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in section 99-39-27 [(leave to proceed in the trial court)] deprives the circuit court – and, necessarily, this Court – of authority to reach the merits of the motion.

(Citations omitted). Furthermore, the supreme court's denial of an application for leave to seek post-conviction relief in the circuit court is a final judgment and bars successive applications for relief pursuant to the UPCCRA. Miss. Code Ann. § 99-39-27(9) (Rev. 2015). As already noted, the supreme court has denied or dismissed Forkner's applications for post-conviction relief.

¶6. Forkner's Rule 60(b) motion is an apparent attempt to circumvent this procedural bar against PCR motions. However, his motion clearly attacks the merits of his underlying judgment. His contention is that the judgment is void because the actual victim who signed the complaint against him, Mark Trevillion, did not testify at trial; his brother, Eric, testified

3

as the owner of the property. "[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Beeks v. State*, 130 So. 3d 163, 165 (¶9) (Miss. Ct. App. 2014) (quoting *Bruce v. Bruce,* 587 So. 2d 898, 903-04 (Miss. 1991)). "Rule 60(b) is for extraordinary circumstances, for matters collateral to the merits[,] . . . [and] should not be used to relitigate cases." *Beeks*, 130 So. 3d at 165 (¶9) (citations omitted). Rule 60(b) is also not "a substitute for a timely appeal." *Beeks*, 130 So. 3d at 165 (¶9).

¶7. Forkner's motion is not a proper Rule 60(b) motion, and the supreme court denied all requests for permission to file a PCR motion. Accordingly, the circuit court lacked jurisdiction to consider Forkner's motion, and we lack jurisdiction over his appeal. Forkner's appeal is dismissed.

¶8. **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

4