# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-01142-SCT

*WINFRED FORKNER*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2015 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| TRIAL COURT ATTORNEY: | WINFRED FORKNER (PRO SE) |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WINFRED FORKNER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT IS VACATED - 08/31/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.    This Court has granted Winfred Forkner's petition for certiorari for the purpose of correcting the erroneous disposition of his appeal by the Mississippi Court of Appeals. Years after his direct appeal was affirmed by the Court of Appeals, Forkner filed a motion for post-conviction relief in the Circuit Court of Wilkinson County. The circuit court denied the motion as untimely. Forkner appealed, and the Court of Appeals found that the circuit court was without authority to adjudicate the appeal because Forkner had not obtained the required

permission from this Court to file his motion for post-conviction relief in the circuit court. *See* Miss. Code Ann. 99-39-7 (Rev. 2015). The Court of Appeals also held, erroneously, that the circuit court's lack of authority to entertain the motion deprived the Court of Appeals of jurisdiction over the appeal. Thereupon, the Court of Appeals dismissed the appeal, thus allowing the circuit court's erroneous judgment to stand.

¶2.     Because the Court of Appeals did have jurisdiction to consider the lawfulness of the circuit court's judgment, it erroneously dismissed Forkner's appeal. Therefore, we reverse the judgment of the Court of Appeals. Because the circuit court lacked authority to entertain Forkner's motion, as the Court of Appeals rightly determined, we vacate the circuit court's judgment.

**DISCUSSION**

¶3.     On February 26, 2001, a Wilkinson County jury convicted Winfred Forkner of the crime of burglary of a storehouse. *See* Miss. Code Ann. § 97-17-33 (Rev. 2014). The Circuit Court of Wilkinson County sentenced him as an habitual offender to life without the possibility of parole. *See* Miss. Code Ann. § 99-19-83 (Rev. 2015). Forkner appealed, and this Court assigned his appeal to the Court of Appeals, which affirmed his conviction and sentence. *See* **Forkner v. State**, 902 So. 2d 615, 626 (Miss. Ct. App. 2004). Within a five-year period, Forkner filed three separate applications for permission to file a motion for post-conviction relief in the trial court. *See* Miss. Code Ann.§ 99-39-7. This Court denied Forkner's first motion and dismissed his second and third motions as procedurally barred.

2

Forkner never obtained permission from this Court to file a motion for post-conviction relief in the circuit court.

¶4.     On January 9, 2014, Forkner filed a document entitled "Motion Pursuant to Rule 60(b)(4), (6) of the Mississippi Rules of Civil Procedure" in the Circuit Court of Wilkinson County. The circuit court found that this motion, in which Forkner sought relief from his conviction and sentence for burglary of a storehouse, was in the nature of a motion for post-conviction relief. *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2015). The circuit court determined that the motion was procedurally barred because it was filed outside the three-year limitation period provided by the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Therefore, the circuit court denied the motion.

¶5.     Forkner appealed, and this Court assigned the case to the Court of Appeals, which found that the circuit court had lacked authority to entertain Forkner's motion. *Forkner v. State*, 2016 WL 4376520, at *2 (Miss. Ct. App. Aug. 16, 2016). The Court of Appeals found that the circuit court correctly had deemed Forkner's filing a motion for post-conviction relief. *Id.* The Court of Appeals noted that, under Section 99-39-7 of the UPCCRA, when a petitioner has appealed and the conviction and sentence have been affirmed, "the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court . . . and an order granted allowing the filing of such motion in the trial court." Miss. Code Ann. § 99-39-7 (Rev. 2015). *Id.* at

*1. Thus, the Court of Appeals found that Forkner, having taken a direct appeal from his conviction, was not allowed to seek post-conviction relief in the circuit court without first having been granted permission to do so by this Court. *Id.* at *2. Because Forkner had not obtained permission to file a motion for post-conviction relief in the circuit court, the Court of Appeals correctly determined that the circuit court had lacked authority to adjudicate Forkner's motion. *Id.*

¶6.    But the Court of Appeals went on to conclude that, because the circuit court had no authority to consider Forkner's motion, "we lack jurisdiction over his appeal." *Id.* Due to the Court of Appeals' perceived lack of jurisdiction, it dismissed the appeal. *Id.* The Court of Appeals correctly found that, because Forkner had filed his motion in the wrong court, neither it nor the circuit court had authority to adjudicate the merits of the motion. But the Court of Appeals incorrectly found that it lacked jurisdiction to determine whether the circuit court had authority to entertain the motion. A final judgment from which a timely notice of appeal was filed confers jurisdiction upon an appellate court to determine whether the circuit court's disposition was lawful. M.R.A.P. 4(a). Thus, the Court of Appeals had jurisdiction to determine whether the circuit court's disposition of Forkner's motion was lawful, and it erred by failing to recognize its jurisdiction. Accordingly, the Court of Appeals' dismissal of the appeal for lack of appellate jurisdiction was erroneous. Because the Court of Appeals had jurisdiction to consider Forkner's appeal, it should have vacated the order of the circuit court that erroneously adjudicated his motion for post-conviction relief without authority.

Therefore, we reverse the judgment of the Court of Appeals and vacate the order of the Wilkinson County Circuit Court.

¶7.     **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT IS VACATED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**