# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00259-COA

**CHRISTOPHER N. CRATIN A/K/A**                         **APPELLANT**
**CHRISTOPHER CRATIN A/K/A**
**CHRISTOPHER NEAL CRATIN**

**v.**

**COMMISSIONER MARSHALL FISHER**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2016 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER N. CRATIN (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | VACATED AND REMANDED - 12/12/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Christopher Cratin, appearing pro se, appeals the Hinds County Circuit Court's dismissal of his grievance filed through the Mississippi Department of Corrections' (MDOC) Administrative Remedy Program (ARP). After review of the record, we vacate and remand to the circuit court for dismissal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2. In July 2008, Cratin was convicted of two counts of fondling and one count of sexual battery in the DeSoto County Circuit Court. Cratin was sentenced to concurrent fifteen-year

terms for his convictions. Cratin is currently incarcerated in Issaquena County Correctional Facility.

¶3. Cratin filed his first grievance through MDOC's ARP in April 2016, asserting that he was entitled to receive earned time, and that MDOC's policy regarding the exclusion of sex-crime offenders from meritorious earned time (MET) violated state law.

¶4. In June 2016, Cratin received MDOC's decision denying his ARP grievance. On the same day, Cratin sent a letter, addressed to the commissioner of MDOC, arguing that his ARP grievance was rejected without due consideration. MDOC rejected Cratin's letter, stating it was a duplicate request. Cratin appealed MDOC's ARP decision to the Hinds County Circuit Court.

¶5. In September 2016, the circuit court entered an order of dismissal. The circuit court acknowledged that it was unsure whether it could exercise jurisdiction over Cratin's complaint. Further, the circuit court stated if it could exercise jurisdiction over Cratin's appeal, MDOC's decision and policy prohibiting MET credit to sex offenders was not violative of state law. Cratin appeals.

**STANDARD OF REVIEW**

¶6. This Court cannot disturb the decision of an administrative agency "unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers, or violated the constitutional or statutory rights of the aggrieved party." *Clark v. Miss. Dep't of Corr.*, 148 So. 3d 403, 404 (¶5) (Miss. Ct. App.

2

2014) (citations omitted). "The standard of review for the trial court's decision to affirm or deny an administrative agency's findings and decisions is abuse of discretion." *Id*. Moreover, "[w]hether the circuit court has jurisdiction is a question of law and is reviewed de novo." *Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 765-66 (¶6) (Miss. Ct. App. 2011) (citations omitted).

## DISCUSSION

### Jurisdiction and Timeliness of Appeal

¶7. In his appeal to the circuit court, Cratin asserted that he properly served MDOC. However, MDOC argued that it had never been legally summoned and served through the Office of the Attorney General.

¶8. Pursuant to Mississippi Rule of Civil Procedure 4(d)(5), service of process "[u]pon the State of Mississippi or any one of its departments, officers[,] or institutions" is made by "delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi." M.R.C.P. 4. Cratin failed to comply with this rule. Therefore, we find that the circuit court lacked jurisdiction over Cratin's appeal.

¶9. Notwithstanding the procedural bar, the circuit court acknowledged that Cratin's appeal was also filed untimely. "Section 47-5-807 [of the Mississippi Code Annotated (Rev. 2015)] provides that 'any offender who is aggrieved by an adverse decision rendered pursuant to any administrative-review procedure may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.'" *Hill v. State*, 165 So. 3d

3

495, 498 (¶10) (Miss. Ct. App. 2015) (alteration omitted) (quoting § 47-5-807).

¶10. The circuit court noted that Cratin's ARP grievance was rejected on June 30, 2016, and an acknowledgment was also signed. However, Cratin's appeal was not filed in the circuit court until September 23, 2016. The court also noted that it did not receive a copy of the mailed envelope demonstrating service of process and did not see a reason for the delay. "Our precedent provides that filing within the statutorily mandated time is jurisdictional." *Hill*, 165 So. 3d at 498 (¶11) (citation and quotation marks omitted).

¶11. Accordingly, we find that the circuit court did not have jurisdiction over Cratin's appeal. Therefore, we vacate and remand to the circuit court for dismissal for lack of jurisdiction.

¶12. **VACATED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY TINDELL, J.; GREENLEE, J., JOINS IN PART.**

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶13. Cratin filed a grievance with the MDOC's ARP alleging that he is entitled to receive earned time for his sex convictions. The MDOC subsequently rejected Cratin's ARP grievance as untimely. Cratin then appealed the MDOC's ARP decision to the circuit court. The circuit court entered an order of dismissal, stating that it was unsure whether it had jurisdiction over Cratin's appeal. In that same order, the circuit court then addressed the merits of Cratin's appeal and found that the MDOC's policy prohibiting earned time to sex

4

offenders violated no statutes. The circuit court then affirmed the MDOC's decision "[t]o the extent this [c]ourt has jurisdiction."

¶14. On appeal, the majority finds that the circuit court lacked jurisdiction over Cratin's appeal due to improper service of process and Cratin's failure to file a timely appeal. *See* M.R.C.P. 4(d)(5); *see also* Miss. Code Ann. § 47-5-805 (Rev. 2015) (providing statute of limitations for appealing administrative agency's final decision). The majority thus vacates the circuit court's order and remands this case back to the circuit court for a dismissal for lack of jurisdiction. I agree with the majority's determination that the circuit court lacked jurisdiction over Cratin's appeal. However, based on recent guidance from the Mississippi Supreme Court, I would instead affirm the circuit court's order of dismissal.

¶15. In *Forkner v. State*, 227 So. 3d 404, 406 (¶6) (Miss. 2017), the supreme court reversed this Court's opinion dismissing an appeal due to our lack of appellate jurisdiction. In so doing, the supreme court cited to Mississippi Rule of Appellate Procedure 4(a) and provided that "[a] final judgment from which a timely notice of appeal was filed confers jurisdiction upon an appellate court to determine whether the circuit court's disposition was lawful." *Id*. The supreme court in *Forkner* explained that this Court thus possessed jurisdiction to review the petitioner's timely appeal of the circuit court's final judgment. *Id*. As a result, the supreme court held that this Court "should have vacated the order of the circuit court that erroneously adjudicated [the petitioner's PCR motion] without authority[,]" rather than dismissing the appeal. *Id*.

5

¶16. In the case before us, the circuit court's order acknowledges that the court may lack jurisdiction to hear Cratin's ARP appeal, yet proceeds to make a ruling on the merits of the appeal. However, the order is still titled "Order of Dismissal" and accordingly dismisses Cratin's appeal. As stated above, the circuit court indeed lacked jurisdiction to hear Cratin's ARP appeal, thus requiring dismissal of the appeal. It is well established that this Court can affirm a circuit court where the right result is reached, even if we disagree with the reason for the result. *See Stewart v. Walls*, 534 So. 2d 1033, 1035 (Miss. 1988) ("It is a familiar rule that this Court will affirm the lower court where the right result is reached, even though we may disagree with the reason for the result.").

¶17. The supreme court's recent clarification in *Forkner* provides this Court with jurisdiction to review whether the circuit court's disposition herein was lawful. As a result, I respectfully dissent from the majority's decision. Despite the circuit court's failure to make an express finding that it lacked jurisdiction, the circuit court entered an order dismissing the ARP appeal. Since the circuit court lacked jurisdiction to hear Cratin's appeal, dismissal of the appeal was proper. Accordingly, I would affirm the circuit court's order of dismissal. *See Stewart*, 534 So. 2d at 1035.

**TINDELL, J., JOINS THIS OPINION. GREENLEE, J., JOINS THIS OPINION IN PART.**