CARLTON, J;, CONCURRING IN PART AND DISSENTING IN PART: ¶ 13. Cratin filed a grievance with the MDOC’s ARP alleging that he is entitled to receive earned time for his sex convictions. The MDOC subsequently rejected Cratin’s ARP grievance as untimely. Cra-tin then appealed the MDOC’s ARP decision to the circuit court. The circuit court entered an order of dismissal, stating that it was unsure whether it had jurisdiction over Cratin’s appeal. In that same order, the circuit court then addressed the merits of Cratin’s appeal and found that the MDOC’s policy prohibiting earned time to sex offenders violated no statutes. The circuit court then affirmed the MDOC’s decision “[t]o the extent this [cjourt has jurisdiction.” ¶ 14. On appeal, the majority finds that the circuit court lacked jurisdiction over Cratin’s appeal due to improper service of process and Cratin’s failure to file a timely appeal. See M.R.C.P. 4(d)(5); see also Miss. Code Ann. § 47-5-805 (Rev. 2015) (providing statute of limitations for appealing administrative agency’s final decision). The majority thus vacates the circuit court’s order and remands this case back to the circuit court for a dismissal for lack of jurisdiction. I agree with the majority’s determination that the circuit court lacked jurisdiction over Cratin’s appeal. However, based on recent guidance from the Mississippi Supreme Court, I would instead affirm the circuit court’s order of dismissal. ¶ 15. In Forkner v. State, 227 So.3d 404, 406 (¶ 6) (Miss. 2017), the supreme court reversed this Court’s opinion dismissing an appeal due to our lack of appellate jurisdiction. In so doing, the supreme court cited to Mississippi Rule of Appellate Procedure 4(a) and' provided that “[a] final judgment from which a timely notice of appeal was filed confers jurisdiction upon an appellate court to determine whether the circuit court’s disposition was lawful.” Id. The supreme court in Forkner explained that this Court thus possessed jurisdiction to review the petitioner’s timely appeal of the circuit court’s final judgment. Id. As a result, the supreme court held that this Court “should have vacated the order of the circuit court that erroneously adjudicated [the petitioner’s PCR motion] without authority[,]” rather than dismissing the appeal. Id. ¶ 16. In the case before us, the circuit court’s order acknowledges that the court may lack jurisdiction to hear Cratin’s ARP appeal, yet proceeds to make a ruling on the merits of the appeal. However, the order is still titled “Order of Dismissal” and accordingly dismisses Cratin’s appeal. As stated above, the circuit court indeed lacked jurisdiction to hear Cratin’s ARP appeal, thus requiring dismissal of the appeal. It is well established that this Court can affirm a circuit court where the right result is reached, even if we disagree with the reason for the result. See Stewart v. Walls, 534 So.2d 1033, 1035 (Miss. 1988) (“It is a familiar rule that this Court will affirm the lower court where the right result is reached, even though we ■ may disagree with the reason for the result.”). ¶ 17. The supreme court’s recent clarification in Forkner provides this Court with jurisdiction to review whether the circuit court’s disposition herein was lawful. As a result, I respectfully dissent from the majority’s decision. Despite the circuit court’s failure to make an express finding that it lacked jurisdiction, the circuit court entered an order dismissing the ARP appeal. Since the circuit court lacked jurisdiction to hear Cratin’s appeal, dismissal of the appeal was proper. Accordingly, I would affirm the circuit court’s order of dismissal. See Stewart, 534 So.2d at 1035. TINDELL, J., JOINS THIS OPINION. GREENLEE, J.,. JOINS THIS OPINION IN PART.