# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00494-COA

JOSHUA ALLEN                                                             APPELLANT

v.

STATE OF MISSISSIPPI                                                     APPELLEE

DATE OF JUDGMENT:              03/09/2018
TRIAL JUDGE:                   HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        LANESHA L. SIMS
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: BILLY L. GORE
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   VACATED: 06/11/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     Joshua Allen appeals the circuit court's denial of his motion for post-conviction collateral relief (PCR).  We find the circuit court lacked jurisdiction to hear the motion, and as a result, we vacate the judgment and dismiss Allen's PCR motion.

## FACTS

¶2.     In March 2015, Allen was convicted of one count of armed robbery and one count of conspiracy to commit armed robbery.  *Allen v. State*, 200 So. 3d 1100, 1101 (¶1) (Miss. Ct. App. 2016).  The Rankin County Circuit Court sentenced Allen to thirty-five years for the armed robbery conviction and five years for the conspiracy conviction, to be served concurrently in the custody of the Mississippi Department of Corrections.  *Id.*

¶3. Allen subsequently appealed his conviction and sentence to the Mississippi Supreme Court. *Id*. On September 20, 2016, this Court affirmed Allen's convictions and sentences. *Id*. at 1102 (¶4).

¶4. On June 21, 2017, Allen filed a motion for PCR and requested a new trial. In support of his motion, Allen relied on an affidavit that his former co-defendant prepared and in which the co-defendant claimed that she falsely testified against Allen at his trial. The circuit court held an evidentiary hearing during which the co-defendant testified. Following the evidentiary hearing, the circuit court found Allen's motion for PCR was not well taken and denied the motion. Allen timely appealed, and the State subsequently filed a motion to dismiss the appeal for a lack of jurisdiction.

## STANDARD OF REVIEW

¶5. We apply a *de novo* standard of review to questions of law, legal conclusions, and jurisdictional questions. *Aladdin Constr. Co. v. John Hancock Life Ins. Co.*, 914 So. 2d 169, 174 (¶8) (Miss. 2005).

## ANALYSIS

¶6. In its motion to dismiss Allen's appeal, the State asserts the circuit court lacked jurisdiction over Allen's motion for PCR because Allen failed to obtain permission from the Mississippi Supreme Court to proceed in the circuit court, as required by Mississippi Code Annotated section 99-39-7 (Rev. 2007). The State asserts that because the circuit court lacked jurisdiction, "[this Court], as well, lacks jurisdiction to address Allen's specific allegations and claims."

2

¶7. "A final judgment from which a timely notice of appeal was filed confers jurisdiction upon an appellate court to determine whether the circuit court's disposition was lawful." *Forkner v. State*, 227 So. 3d 404, 406 (¶6) (Miss. 2017) (citing Mississippi Rule of Appellate Procedure 4(a)). "Thus, this Court ha[s] jurisdiction to determine whether the circuit court's disposition of [Allen]'s motion was lawful." *Id.* Accordingly, the State's motion to dismiss the appeal is denied.

¶8. However, we agree that the circuit court lacked jurisdiction to decide Allen's motion. Pursuant to section 99-39-7:

> Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion [for PCR] shall not be filed in the [circuit] court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the [circuit] court.

Here, this Court affirmed Allen's conviction and sentence on appeal. *Allen*, 200 So. 3d at 1102 (¶4). There is no evidence that Allen requested leave from the supreme court to proceed in circuit court, as required by section 99-39-7. Because Allen did not have permission to file his motion for PCR in the circuit court, the circuit court lacked jurisdiction to consider the motion and should have dismissed the motion.

¶9. Allen asserts "the unambiguous language of [s]ection 99-39-7 refers to a conviction and sentence appealed to the Supreme Court of Mississippi and *there affirmed* or the appeal dismissed." Allen contends that because his conviction and sentence were not affirmed by the Mississippi Supreme Court, section 99-39-7 does not apply. We disagree.

¶10. In *Forkner*, Forkner appealed his conviction and sentence to the Mississippi Supreme

3

Court. *Forkner*, 227 So. 3d at 405 (¶3). The supreme court assigned the case to this Court, which affirmed his conviction and sentence. *Id*. Forkner subsequently filed a motion for PCR in the circuit court without first obtaining permission from the supreme court. *Id*. The circuit court dismissed the motion for PCR and Forkner appealed. *Id*. at (¶5). On appeal, the supreme court found that "[b]ecause Forkner had not obtained permission to file a motion for [PCR] in the circuit court, . . . the circuit court . . . lacked authority to adjudicate Forkner's motion." *Id*. at 405-06 (¶5).

¶11.    Here, as in *Forkner*, Allen appealed his conviction and sentence to the supreme court, which assigned his case to this Court. This Court affirmed Allen's conviction and sentence. Like *Forkner*, Allen failed to obtain permission from the supreme court to file a motion for PCR in the circuit court. As a result, the circuit court lacked authority to adjudicate Allen's motion.

¶12.    We find the circuit court erred in failing to dismiss this case for a lack of jurisdiction. Accordingly, the judgment of the Rankin County Circuit Court is vacated. We render judgment, dismissing Allen's motion for PCR for his failure to obtain leave as required by section 99-39-7.

¶13.    **VACATED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

4