# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01169-COA

**DEXTER WATSON**                                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2018 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEXTER WATSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | VACATED AND RENDERED - 11/05/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.     Following a jury trial, Dexter Watson was convicted of murder and sentenced to life imprisonment, and his conviction and sentence were affirmed on direct appeal. *Watson v. State*, 127 So. 3d 270 (Miss. Ct. App. 2013), *cert. denied*, 125 So. 3d 658 (Miss. 2013). Watson subsequently filed three applications for leave to file a motion for post-conviction relief in the trial court. *See* Miss. Code Ann. §§ 99-39-7 & -27 (Rev. 2015). The Mississippi Supreme Court denied each application.

¶2.     Watson then filed a petition for a writ of habeas corpus in the Sunflower County Circuit Court. His petition alleged a deficiency in his indictment. The circuit court denied the petition for failure to state a claim upon which relief could be granted. Watson appealed.

¶3.    "A pleading cognizable under the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)] will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011). Thus, "post-trial petitions that are in the nature of habeas corpus are considered under the UPCCRA." *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 678 (¶9) (Miss. 2001). Accordingly, Watson's petition for a "writ of habeas corpus" is considered a motion for post-conviction relief and is subject to the requirements of the UPCCRA.

¶4.    The UPCCRA provides that a motion for post-conviction relief "shall not be filed in the trial court until the motion shall have first been presented to" the Supreme Court and the Supreme Court enters an order "allowing the filing of such motion in the trial court." Miss. Code Ann. § 99-39-7. "This procedure is not merely advisory, but jurisdictional." *Chandler v. State*, 190 So. 3d 509, 511 (¶6) (Miss. Ct. App. 2016) (quoting *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013)). If the prisoner does not obtain permission to file the motion in the circuit court, the circuit court lacks authority to adjudicate the motion. *Forkner v. State*, 227 So. 3d 404, 405-06 (¶5) (Miss. 2017).

¶5.    Watson's conviction and sentence were affirmed on direct appeal, and he failed to obtain permission to pursue post-conviction relief. Therefore, the circuit court lacked jurisdiction to adjudicate Watson's petition.[1] Rather than denying the petition for failure to

[1] The Sunflower County Circuit Court also lacked jurisdiction because Watson was convicted in Claiborne County. A motion for post-conviction relief "shall be filed as an original civil action *in the trial court*." Miss. Code Ann. § 99-39-7 (emphasis added). That is, the motion must be filed in the county in which the prisoner was convicted. *Maston v.*

2

state a claim, the circuit court should have dismissed for lack of jurisdiction. *Forkner*, 227 So. 3d at 406 (¶6). Therefore, we vacate the judgment of the circuit court and render a judgment dismissing Watson's petition for lack of jurisdiction.

¶6. **VACATED AND RENDERED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

*State*, 768 So. 2d 354, 355 (¶5) (Miss. Ct. App. 2000). The Sunflower County Circuit Court "did not acquire jurisdiction of [Watson's] claims by virtue of the fact that he was, at the time of filing, incarcerated in that county." *Id.*