# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01032-COA

**WHITZEY S. WALKER A/K/A WHITZEY WALKER A/K/A WHITZEY SANTAIZ WALKER**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/2024 |
| TRIAL JUDGE: | HON. TONI DEMETRESSE TERRETT |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WHITZEY S. WALKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | VACATED AND RENDERED - 09/30/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A man was convicted of burglary of a dwelling. Because he had two prior felony convictions, he was sentenced as a non-violent habitual offender.

¶2.     After serving about seventeen years in custody, he filed a petition for post-conviction relief seeking parole but failed to first obtain permission from the Mississippi Supreme Court. The trial court denied the requested relief.

¶3.     Because we find the trial court lacked jurisdiction to consider the merits of the petition, we vacate and render judgment dismissing the petition.

## BACKGROUND

¶4.     In 2006, Whitzey Santaiz Walker was indicted for burglary of a dwelling. After a jury

found him guilty, the trial court sentenced him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2006). The court ordered Walker to serve twenty-five years in the custody of the Mississippi Department of Corrections.

¶5. Walker appealed his conviction in 2009, arguing that "the evidence presented at trial was insufficient to support the jury's guilty verdict." *Walker v. State*, 21 So. 3d 663, 664 (¶1) (Miss. Ct. App. 2009). But this Court found that "the evidence was sufficient for a reasonable jury to infer . . . that Walker intended to assault [the victim] inside her home;" therefore, we affirmed Walker's conviction and sentence. *Id.* at 669 (¶11).

¶6. In November 2012, Walker filed an application requesting permission from the Supreme Court to proceed with a motion for post-conviction relief in the trial court. Finding that the "issues . . . raised in the motion for post-conviction relief could have been raised on direct appeal" and his "[f]ailure to raise those issues . . . constitute[d] waiver," the Supreme Court found that Walker's PCR claims were procedurally barred. Accordingly, his application was dismissed.

¶7. Just four months later, Walker filed a second application and PCR motion, raising the same issues as his first PCR filing. The Supreme Court again found his claims procedurally barred and dismissed the motion.

¶8. Then in 2024, Walker made another attempt to file a petition for post-conviction relief. Unlike his two previous attempts, this time he failed to seek permission from the Supreme Court before proceeding in the trial court as required under Mississippi law.[1] After

---

[1] *See* Miss. Code Ann. § 99-39-7 (Rev. 2020) (requiring a PCR motion to be presented to the Supreme Court for approval before filing in the trial court).

2

reviewing Walker's petition and finding it "fail[ed] to state an actionable claim upon which relief can be granted," the trial court denied relief. Aggrieved, Walker appeals.

**DISCUSSION**

¶9. Walker's core argument on appeal is that his chance at parole was wrongfully revoked. However, because the trial court did not have jurisdiction, we cannot reach the merits.

¶10. "We apply a de novo standard of review to questions of law, legal conclusions, and jurisdictional questions." *Allen v. State*, 288 So. 3d 358, 360 (¶5) (Miss. Ct. App. 2019) (citing *Aladdin Constr. Co. v. John Hancock Life Ins. Co.*, 914 So. 2d 169, 174 (¶8) (Miss. 2005)). "A final judgment from which a timely notice of appeal was filed confers jurisdiction upon an appellate court to determine whether the circuit court's disposition was lawful." *Forkner v. State*, 227 So. 3d 404, 406 (¶6) (Miss. 2017) (citing MRAP 4(a)). "Thus, this Court ha[s] jurisdiction to determine whether the circuit court's disposition of [Walker]'s motion was lawful." *Allen*, 288 So. 3d at 360 (¶7).

¶11. "Where the [petitioner's] conviction and sentence have been affirmed on appeal," the PCR statute requires the petitioner to seek permission from the Supreme Court before filing a motion for post-conviction relief in the trial court. Miss. Code Ann. § 99-39-7. The statute further states, "the motion for PCR *shall not* be filed in the [trial] court *until . . .* an order [is] granted allowing the filing of such motion in the [trial] court." *Allen*, 288 So. 3d at 360 (¶8) (emphasis added) (quoting Miss. Code Ann. § 99-39-7).

¶12. Walker failed to request leave from the Supreme Court to file his PCR petition in the

3

trial court, which is required by statute. And we find no evidence of a Supreme Court order allowing him to file for PCR. Because Walker did not have permission to file his PCR petition in the trial court, the circuit court lacked jurisdiction. *See also Allen*, 288 So. 3d at 361 (¶12) (finding that "the [trial] court erred in failing to dismiss . . . for lack of jurisdiction" and "dismissing Allen's motion for PCR for his failure to obtain leave as required by section 99-39-7"). Therefore, the judgment of the Warren County Circuit Court is vacated.

¶13.    We render judgment that Walker's petition for post-conviction relief is dismissed due to lack of jurisdiction. *See Nicolaou v. State*, 410 So. 3d 489, 491 (¶12) (Miss. Ct. App. 2025) ("vacat[ing] the circuit court's order and render[ing] judgment dismissing Nicolaou's PCR motion for lack of jurisdiction").

¶14.    **VACATED AND RENDERED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**